PEOPLE v. BROWN.

1. CRIMINAL LAW—EVIDENCE—HEARSAY TESTIMONY—INSTRUCTION TO JURY.

> Instruction to jury by trial judge that witness could testify only to what he himself saw and heard after sustaining objection to testimony by police officer as to what eyewitness to crime told him was not prejudicial to defense.

2. SAME—WITNESSES—IMPEACHMENT—STATEMENT OF OTHER WITNESS.

> Prior inconsistent statement may be employed for purposes of impeachment of witness who made it, but contradictory statement of one witness may not provide foundation for impeachment of another.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 776–779.
[2] 53 Am Jur, Trial § 780.
[3] 53 Am Jur, Trial §§ 132, 154.

.

3. SAME—EVIDENCE—INTRODUCTION—OBJECTION.

> Defendant in trial for breaking and entering an occupied dwelling with intent to commit larceny cannot assign as error the admission into evidence of a knife identified as that of complainant where he not only failed to object to the admission but offered the exhibit himself when cross-examining a police officer; a defendant cannot obtain relief for what was occasioned by defense as matter of trial tactics (CL 1948, § 750-.110, as amended by PA 1964, No 133).

Appeal from Recorder's Court of Detroit, Gillis (Joseph A.), J. Submitted Division 1 March 8, 1968, at Detroit. (Docket No. 3,743.) Decided September 4, 1968.

Fred Brown, also known as John Matthew King, was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Barbara K. Hackett,* Assistant Prosecuting Attorney, for the people.

*W. Ralph Delaney,* for defendant on appeal.

LESINSKI, C. J. This cause comes on appeal from a jury verdict finding defendant guilty of breaking and entering an occupied dwelling with intent to commit larceny, CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1962 Rev § 28.305). The record reveals that the defendant was seen by an eyewitness, Theofolus J. Faison, breaking a window in the front door panel at 5027 Riopelle in the city of Detroit on August 11, 1966. After observing the defendant make entry, the eyewitness contacted the police. When the police came to the scene, they

entered the premises and discovered the defendant hiding under a bed in the back bedroom of the dwelling. The defendant was found to have a hunting knife belonging to the owner of the premises on his person. The officers testified that a closet with a padlock on it was ripped open and various articles of clothing were strewn on the bed in the bedroom in which the defendant was found.

The defendant, testifying on his own behalf, said that he had been invited into the premises by an unknown friend whom he could only identify as Rudy, and that he had been lying on top of the bed in the back bedroom after smoking marihuana cigarettes with his friend.

The first issue raised on appeal relates to an instruction given to the jury in the course of the trial. Arresting officer Joseph Bannigan testified about a conversation he had with the eyewitness to the breaking and entering. He indicated what the eyewitness had told him. At this point after a series of colloquies between defense and prosecution, the court instructed the jury to disregard what some third party told the witness. The court instructed the jury that the witness could only testify as to what he saw with his own eyes and what he heard with his own ears. The court so instructed the jury because the opportunity to cross-examine that third party was not available to the other side. In the context of the trial, the instruction was without prejudice. See *People* v. *Gillespie* (1896), 111 Mich 241, on the issue of exclusion of hearsay testimony as prejudicial.

The second error claimed by the defendant is predicated upon the court not allowing defense counsel to use the testimony of an Officer Hamb to impeach the testimony of Officer Bannigan during the trial. The court properly ruled that the testimony of one witness could not be used to impeach

another witness testifying about the same incident. The rule is clear that a prior inconsistent statement may be used to impeach the witness making it, however, a contradictory statement of one witness is not the proper foundation for impeachment of the first witness. As the Court stated in *People* v. *Schaner* (1942), 302 Mich 6, 9:

"A contradictory statement lies at the foundation of such cross-examination. Nowhere in the record can we find where the witness had previously testified contrary to her answers indicated in this line of questions. The record does not show that the witness had ever been asked, or had answered, similar questions or made statements inconsistent with her answers at the examination. So far as our record discloses, the court properly ruled that the foundation for impeaching questions had not been laid. *Rodgers* v. *Blandon* [1940], 294 Mich 699."

The next issue on appeal questions the jury charge. The charge considered as a whole, as well as the clauses questioned in particular, were completely proper. See *People* v. *Coleman* (1957), 350 Mich 268, 282; *People* v. *Ritholz* (1960), 359 Mich 539, 554 (*certiorari denied* [1960] 364 US 912 [5 L Ed 2d 226, 81 S Ct 275]). Further, no objection to the charge having been made by defense counsel, any error therein is waived. See GCR 1963, 516.2; *McKinney* v. *Anderson* (1964), 373 Mich 414, 420.

The remaining issue raised by defendant is that his trial counsel erred in failing to object to the introduction of "People's Exhibit 1," the envelope which contained a knife identified as that of the complainant and taken from his premises, as well as a knife later identified to be in the possession of the defendant. The transcript reveals that not only did defense counsel fail to object to the ad-

mission of this exhibit, but that he offered the exhibit himself during cross-examination of one of the police officers. Trial counsel's action in this particular instance was a trial tactic chosen by defense counsel as the most effective means of defending his client. The admission into evidence of this exhibit did not constitute error. Additionally, defendant cannot now, on appeal, obtain relief for what was occasioned by the defense as a matter of trial tactics.

Affirmed.

LEVIN and ANDREWS, JJ., concurred.