STATE, Respondent v. ROTH, Appellant

(166 N.W.2d 564)

(File No. 10509.  Opinion filed April 3, 1969)

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

**D. R. Bleeker,** Mitchell, for defendant and appellant.

BIEGELMEIER, Presiding Judge.

Based on a complaint filed in the Municipal Court at Mitchell, South Dakota, charging him with indecent molestation of an eleven-year-old girl, appellant Benjamin Roth was arrested and brought before that court for a preliminary hearing

which he waived and was held to answer to the same in circuit court. An information therein was filed by the State's Attorney and, it appearing he was an indigent person, an attorney was appointed to represent him. A plea of not guilty was entered and a trial by jury resulted in a verdict of guilty of the offense on which, in 1960, he was sentenced to a term in the State Penitentiary. In 1965 different counsel was appointed to procure dismissal of another charge against him and in 1967 he filed a petition for relief under the Uniform Post-Conviction Procedure Act, Ch. 121, 1966 Session Laws, again by different counsel appointed by the court. After a hearing the trial court entered Findings of Fact, Conclusions of Law and a Judgment denying any relief. His counsel here seeks reversal based on the claim Roth did not know what a preliminary hearing was at the time he waived it, nor was he advised by counsel at that time of his constitutional rights (not stated or further identified) until he was arraigned in circuit court. Mere assertions of denial of constitutional rights do not entitle a party to relief unless found to be true upon adequate proof submitted at the hearing. State v. Williams, Minn., 163 N.W.2d 868. Defendant admits and there was other testimony he was advised of his right to a preliminary hearing and that he waived it.

Defendant's argument is based on an assignment of error which cites defendant's testimony at page 42 of the settled record, but omits the evidence of the municipal judge which appears at pages 62 through 65. There he related in detail the advice given in all cases and then testified this "was explained to the defendant" and in answer to a question on cross-examination if he specifically remembered "telling this defendant these particular things concerning his constitutional rights" he answered, "As far as I can possibly remember this is exactly the way it happened." Defendant was there also advised of his right to counsel and if he desired counsel but had no money to pay therefor, the court would appoint one at no expense to him. Defendant did not request such counsel, make any admissions or enter any plea. Cf. State ex rel. Stevenson v. Jameson, 78 S.D. 431, 104 N.W.2d 45. The municipal judge also testified he believed defendant understood his rights and knowingly waived

a preliminary hearing. The right to a preliminary hearing is statutory (SDC 1960 Supp. 34.3401) and not a constitutional right. It may be waived. State ex rel. Stevenson v. Jameson, supra.

The burden of establishing a basis for relief rests on the petitioner, State v. Riley, 183 Neb. 616, 163 N.W.2d 104, and the familiar rule that this court may disturb a trial court's findings of fact only if the evidence preponderates against them. LaFleur v. Odom, 83 S.D. 52, 154 N.W.2d 212; Dolan v. Hudson, 83 S.D. 144, 156 N.W.2d 78, applies to this proceeding. The evidence amply supports the findings defendant was advised not only of his constitutional rights but the statutory ones set out in SDC 1960 Supp. 34.3401 and that he knowingly waived a preliminary hearing. His claim of error in admitting this evidence is without merit.

At the trial defendant testified in his own behalf. His counsel, who had practiced law in that community for many years and was later a municipal judge, testified he conferred with defendant several times and discussed defendant's situation, family life and his version of the facts. Defendant now claims his attorney at the trial asked him if he would take the witness stand and he was not advised he had a right to remain silent during the trial and this was a violation of his rights under Article V of the Amendments of the Constitution of the United States. That amendment, as emphasized in defendant's brief, provides " 'No person * * * **shall** * * * **be compelled in any criminal case to be a witness against himself** '". How defendant's rights were violated is not explained. The Fifth Amendment does not say that a man shall not be permitted to incriminate himself, or that he shall not be persuaded to do so. It says no more than that a man shall not be "compelled" to give evidence against himself. State v. Oliva, 183 Neb. 620, 163 N.W.2d 112. There is no evidence anyone compelled defendant to testify or give evidence against himself; the evidence is he did so of his own desire and decision.

It appeared defendant had been convicted of a similar offense in another state. His attorney advised him against testifying in his own behalf at the trial, that he would be sub-

ject to severe cross-examination and the state would bring the former conviction up before the jury; that despite this, defendant "wanted to take the stand" and that desire was "consistent with his denial of any wrongdoing and he wanted to say so." As it turned out, to counsel's surprise, the prior charge was not mentioned. The evidence and fair inferences therefrom support the finding defendant was not required or under any obligation to testify in his own behalf. Nicolaus v. Deming, 81 S.D. 626, 139 N.W.2d 875.

■ A post-conviction proceeding is not a retrial by the court of the issues which the jury determined, nor is it a substitute for the remedy of direct review of the trial. Ch. 121, § 1, Laws of 1966. However, it may not be amiss to point out the transcript of the jury trial shows when the girl's parents and others were searching for her they received word "a man upstairs got a little girl". With another man they had to kick the locked door in to the room where they found defendant sitting on a bed in which the girl, in shock, was without clothes. Defendant admitted enticing the girl to his room. Other evidence showed she had been recently sexually molested.

■ ■ Some years ago this court held it was within the discretion of the trial court to advise a witness he is not bound to incriminate himself. State v. Mungeon (1906), 20 S.D. 612, 108 N.W. 552. In 1939 the court adopted a rule of practice (Supreme Court Rule 498 of 1939, now SDC 1960 Supp. 36.0103) making it the duty of the court to advise a witness of "his right to refuse to answer any question (or) * * * give testimony which might incriminate him, but the last clause shall not apply to a defendant in a criminal case who takes the stand to testify in his own behalf." State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455, cert. den. 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768. Attention is called to the annotation in 79 A.L.R.2d 643 on the duty of a court where defendant is not represented by counsel. However that may be, defendant here was represented by counsel and the court had no such duty under the cited rule or by law. Attorneys are officers of the court and are presumed to do as the law and their duty require them. Where accused has

counsel, it is presumed accused has been informed of his rights. When defendant is called by his counsel to take the stand and does so, it is presumed he has been informed of and waives the protection of applicable statutory[1] and constitutional[2] rights. See Stevens v. State, 232 Md. 33, 192 A.2d 73, cert. den. 375 U.S. 886, 84 S.Ct. 160, 11 L.Ed.2d 115; Fowler v. State, 237 Md. 508, 206 A.2d 802; People v. Roberson, 30 Ill.2d 168, 195 N.E.2d 722, and People v. Kramer, 227 Cal.App.2d 199, 38 Cal.Rptr. 487 (rule recognized).

A defendant in a criminal action is a competent witness, SDC 1960 Supp. 34.3633 and State v. Vroman, 45 S.D. 465, 188 N.W. 746, and he chose that right. Had he decided not to do so, in view of his counsel's warning of the dangerous possibilities, we may speculate defendant's subsequent complaint of such advice under a claim of denial of that right.[3] These matters must be relegated to the field of trial tactics (see People v. Brown, 13 Mich.App. 222, 163 N.W.2d 829, and see also Jarrell v. Boles, D.C., W.Va. 272 F.Supp. 755) and products of afterthoughts[4] of what might have been done on which opinions may differ among trial lawyers. They are not violations of the cited provision of the Constitution of the United States, its counterpart of our State nor of any law called to our attention which would oust a court of jurisdiction or call into play relief contemplated in the Uniform Post-Conviction Procedure Act. The order appealed from must be and is affirmed.

All the Judges concur.

---

1. Failure of the trial court to inform defendant of his right to challenge a juror as required by SDC 1960 Supp. 34.3615 was not prejudicial where defendant is represented by counsel. It is presumed counsel was aware of the statute and to find prejudice would be to hold counsel was incompetent which the court held was not warranted. State v. Geelan, 80 S.D. 135, 120 N.W.2d 533. Nor is it warranted here.

2. Plea of guilty when represented by counsel presumes defendant was informed of his rights and is a waiver of constitutional rights stated in the Sixth Amendment of the United States Constitution and Art. VI, § 7 of the South Dakota Constitution. State ex rel. Henning v. Jameson, 71 S.D. 144, 22 N.W.2d 731. See also Application of Dutro, 83 S.D. 168, 156 N.W.2d 771. As the duty of counsel does not vary whether he is paid little or nothing his obligation is the same and the presumption prevails. State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712.

3. See 74 A.L.R.2d 1451.

4. The Supreme Court of Pennsylvania in Cowden v. Aetna Casualty & Surety Co., 389 Pa. 459, 134 A.2d 223 at 229, quotes part of the opinion of the lower court in 103 P.L.J. 317 "that the results of Saturday's contest are more certainly stated on the following Monday than they are predictable on the preceding Friday."