Everett SHEPHERD, Jr., Petitioner-Appellant,

v.

John W. WINGO, Warden, Respondent-Appellee.

No. 18781.

United States Court of Appeals Sixth Circuit.

Aug. 14, 1969.

Randolph J. Stayin (Court-appointed), Cincinnati, Ohio, for appellant; Frost & Jacobs, Cincinnati, Ohio, on brief.

George F. Rabe, Frankfort, Ky., for appellee; John B. Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, Ky., on brief.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Everett Shepherd, Jr., petitioner-appellant, appeals from an order of the United States District Court for the Western District of Kentucky denying his petition for a writ of habeas corpus. The appellant is serving a life sentence in the Kentucky State Penitentiary on conviction in the Butler County Circuit Court of Willful Murder. The district judge denied the petition without a hearing.

The sole question before the District Court, and likewise now before us, is whether the appellant's federal constitutional rights were violated by reason of the fact that a deputy sheriff who testified against him at the trial was placed in charge of the jury during the progress of the trial and the deliberations of the jury. He claims that the deputy had an opportunity to improperly influence the jury and cites Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, in support of his claim.

The district judge found,

"There is no allegation that it (the deputy's testimony) played a key role in the case, or that the petitioner's fate was in any degree dependent upon the amount of confidence placed in Cardwell (the deputy) by the jurors or upon the credibility which they attached to his testimony. Nor is there any allegation of the type of fraternization and the intimate relationship that existed in Turner. This petition goes no further than to state that 'a deputy sheriff who was a witness for the Commonwealth (was permitted) to act as custodian of the jury.'"

We agree with the district judge that these allegations are not sufficient to bring the case within the decision announced in Turner, supra, and they do not show a violation of due process under the Fourteenth Amendment. See Bowles v. State of Texas, 366 F.2d 734, 736, (C.A. 5); Crawford v. Beto, 385 F.2d 156, 157, (C.A. 5).

The judgment of the District Court is affirmed without prejudice to the right of the appellant to renew his petition for a writ of habeas corpus upon such allegations of fact as will bring it within the decision of Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, if indeed, such facts do exist.