ORRICER, Petitioner v. STATE, Respondent

(181 N.W.2d 461)

(File No. 10799. Opinion filed December 4, 1970)

**Martin Weeks,** Vermillion, for petitioner.

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

RENTTO, Judge.

Petitioner was found guilty of burglary in the second degree and sentenced to 15 years in the penitentiary. Although at the trial he was represented by two experienced criminal lawyers whom he had engaged, he filed, pro se, a motion for a new trial. Counsel was then appointed to represent him as an indigent defendant. This counsel promptly filed a supplement to his motion for a new trial. The new trial having been denied an appeal from the judgment was prosecuted.

Our opinion affirming the judgment appealed from is reported in 80 S.D. 126, 120 N.W.2d 528. Since it relates the factual background of the litigation there is no need to detail the facts here. To do so would unnecessarily add to the bulk of our reports.

His appointed counsel then filed a petition for postconviction relief pursuant to SDCL 23-52. It was entitled in his name as petitioner against the warden of our penitentiary. This does not conform to the entitlement directions announced in McMullen v. State, 84 S.D. 583, 173 N.W.2d 499, handed down after this proceeding was commenced. In compliance with such directive we have entitled the proceeding by him as petitioner against the state of South Dakota, as respondent.

After an evidentiary hearing at which he and other witnesses testified, some for him and some for the state, the postconviction court made findings of fact adverse to him and entered an order denying his petition. This appeal, by the same appointed counsel, is from that action.

The petition alleged at length 11 grounds for the relief requested. Only the following seven are presented here:

1. Evidence obtained by an illegal search.

2. Failure to appoint an expert witness for him.

3. Illegally drawn jury panel.

4. Denial of right to effective counsel.

5. Lack of jurisdiction.

6. Conviction based on perjured testimony.

7. Evidence insufficient to warrant conviction.

Since this type of postconviction proceeding is relatively new, it is proper to briefly refer to the reason for its adoption. This has some bearing on the intent of the legislature in promulgating the act.

The postconviction jurisdiction of the federal trial courts permitted state prisoners to challenge their convictions on the ground that their rights under the United States Constitution had been violated and afforded an evidentiary hearing for that purpose. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. This was not permitted in many state jurisdictions. To avoid or at least minimize this conflict between the state and federal jurisdictions, numerous states adopted procedures under which a state prisoner could be heard and have determined whether his conviction was secured in violation of such rights; in other words, allowing them to proceed in state courts as they were then permitted to do in the federal court. See Case v. State of Nebraska, 381 U. S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422. Our procedure came into being as Ch. 121, Laws of 1966.

Our new postconviction proceeding is not a substitute for the remedy of direct appeal. State v. Roth, 84 S.D. 44, 166 N.W.2d 564. Nor was it intended to secure routine review for any defendant dissatisfied with his sentence. Rather, in such proceeding his proof must establish, as we said in Fanning v. State, 85 S.D. 246, 180 N.W.2d 853, that:

> "they must be such violations as are denials of due process which, in a criminal case, undermine the jurisdiction of the court whereby the court loses jurisdiction or similar constitutional violations in the field of search and seizure, confessions, right to counsel and other such errors by which the court loses jurisdiction."

When a defendant has taken an appeal from his conviction our postconviction statute cannot be used to secure a second review of issues finally decided on the appeal. State v. Roth, supra. Otherwise, there would be no end to the litigation of an issue.

The burglary involved occurred in Vermillion, Clay County, South Dakota. It was first noticed by the city police about 3:40 a.m. About 40 or 50 minutes later that morning petitioner was seen by two police officers on patrol, searching for persons who might have been involved in it, driving a South Dakota licensed motor vehicle on the streets of Vermillion. It later proved to be his codefendant's car. The police started their flashing red signal light.[1] The officers did nothing further to apprehend him. Nevertheless, he stopped the car and got out of it. He was then at a dead end street.

After visiting with him a short time the officers put him in their car and took him to police headquarters. The sheriff of Clay County who arrived at the scene about the time petitioner was apprehended looked into the car he had been driving and saw a pair of gloves lying on the front seat. He examined the gloves and put them back where he had first seen them. The car was then driven to the police station and locked. Later that day the sheriff unlocked the car and re-

---

1. SDCL 32-5-90 requires that when a motor vehicle is licensed in the state that the owner be furnished a receipt of registration. SDCL 32-5-91 provides: "The receipt of registration referred to in § 32-5-90 shall be subject to inspection by any peace officer at any time. Said receipt of registration shall at all times, while the motor vehicle, trailer or semi-trailer for which it was issued is being operated within the state, be in the possession of the operator thereof."

moved the gloves. These were put into evidence as Exhibit 26 over objection of the defendant. It is petitioner's contention that these were secured by an unlawful search. We do not agree.

■ The officers did not have a warrant to search the car. Nor did they have petitioner's or the car owner's consent to do so. The postconviction court found that these gloves were observed by the sheriff from outside the automobile. Petitioner does not seem to question the propriety of this finding. To the contrary his petition concedes that the officers "Looking into the car they saw a pair of gloves lying on the seat." On this basis the court held that since the gloves were in open view no search was involved. This was a proper conclusion. State v. Hermandson, 84 S.D. 208, 169 N.W.2d 255. Consequently, the constitutional provisions against unreasonable search and seizure are not involved.

■ Concerning his second ground of complaint he claims that the court should have appointed an expert witness for him to examine the various exhibits which tended to prove that the burglars had made preparations to open the safe involved by the use of explosives. As to this the evidence is that he made no request for the appointment and the record reveals no reason why the court should have done so on its own motion. Moreover, when a request for the appointment of a similar expert was made in the trial of his codefendant, whose case was heard after petitioner had been tried, State v. Geelan, 80 S.D. 135, 120 N.W.2d 533, we held that the court's failure to make the appointment was not error.

■ He claims the regular jury panel was illegally drawn because the sheriff who signed the complaint against him and appeared as a prosecution witness at his trial, was a member of the group which drew the panel. His participation in that activity is provided for in SDCL 16-13-16, and the grounds urged do not disqualify him from acting. SDCL 16-13-24. This matter was not presented to the trial court either by a challenge to the panel or in the motion for a new trial. Nor is there anything in the record to show any wrong-

ful act by him or any other person in the drawing of the panel. His objection is without merit. State v. Sitts, 71 S.D. 494, 26 N.W.2d 187. Neither does it appear that he was prejudiced by the sheriff's participation in the selection of the panel.

■ In this regard he also complains that a deputy sheriff acted as a bailiff during his trial and had close contact and conversations with some of the jurors during its course. Much of this claim is denied and explained by the officer. It was a ground urged in the motion for a new trial but apparently not presented on appeal. As to it the postconviction court found that the officer did act as a part-time bailiff prior to impaneling the jury and testified as the evidence depository officer. Also it found that prior to impaneling the jury he answered a question or two posed by a prospective juror. Its conclusion was that petitioner was unable to establish any improper communication or misconduct on the part of the deputy sheriff. In State v. Brown, 84 S.D. 201, 169 N.W.2d 239, we held that until that is shown there is no presumption of prejudice.

■ The claim that he was denied the right to effective counsel grows out of his temporary confinement in the state penitentiary for three months for safekeeping, from which he was later released on a writ of habeas corpus and returned to the Clay County jail where he was kept for about a month before his trial. This matter was presented on his appeal. As to it the postconviction judge was of the view that the additional evidence concerning it introduced in this proceeding, did not add anything to what was before the trial judge on the motion for a new trial or was before this court on the appeal. In that review we decided the issue against petitioner. Consequently it is not now before us.

The ground that the trial court lacked jurisdiction to try him arises from the same incident. He reasons, rather subtly, that when he was released from the penitentiary on the writ it was incumbent on the state to proceed anew against him rather than pursue the former charge. This matter was presented on his appeal. However, since the record

there did not show the writ under which he was released from confinement in the penitentiary, or the terms of any order entered thereon, we were unable to decide the question raised. Apparently he was released on an oral order of the habeas corpus judge.

■ In this proceeding a copy of the order entered thereon nunc pro tunc was made a part of the record. It appears from the order that on his release from the penitentiary he was remanded to the custody of the sheriff of Clay County pending his trial. We discern nothing improper in this. That court determined only that his confinement in the penitentiary was unlawful. The legality of the charge against him in Clay County and his confinement in the jail thereunder was not involved. It was therefore proper to recommit him to the custody of the court having jurisdiction of the offense properly charged by the information against him. 39 Am.Jur.2d, Habeas Corpus, § 157, 39 C.J.S. Habeas Corpus § 102. See also Application of Abelt, 82 S.D. 308, 145 N.W.2d 435.

■ On the claim of perjured testimony the court found that there were some minor changes in the sworn testimony of the officer in question between the trial of petitioner's codefendant and his trial. These it characterized as minor discrepancies not sufficient to establish perjury on the part of the officer.

■ His remaining contention that the evidence was insufficient to warrant his conviction was before this court on petitioner's appeal. Because we passed on it there and held it to be without merit, it is not before us in this proceeding.

To protect the basic rights subject to litigation under our postconviction act we have carefully reviewed the record made before the postconviction court, including the proceedings on petitioner's original trial, and the briefs filed with us on his appeal. The fact that we have discussed all of the grounds urged should not be construed as implying that each of them, if established, attains the dignity of violations justifying postconviction relief. None of the findings made by the postconviction court is clearly erroneous. SDCL

15-6-52(a). Rather, they seem compelled by the evidence. It follows that there is no factual or legal basis to justify granting the relief requested by petitioner.

Affirmed.

All the Judges concur.