APPLICATION OF JERRY D. MORRIS

(182 N.W.2d 850)

(File No. 10837. Opinion filed January 26, 1971)

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

**David V. Vrooman,** Sioux Falls, for petitioner.

BIEGELMEIER, Judge.

It appears one Williamson, petitioner and a female companion were charged with grand larceny and burglary in the third degree. Williamson stood trial, was convicted by a jury and sentenced to seven years in the penitentiary. Trial of petitioner and his female companion was then reached and their employed counsel discussed whether they would stand trial or enter pleas of guilty. On May 27, 1968, petitioner withdrew his previously entered pleas of not guilty and entered pleas of guilty. In this application for a writ of habeas corpus he claimed his guilty pleas were not voluntary.

Petitioner testified generally to some conversation he had with his counsel with reference to his pleas and possible sentences, that his counsel told him he would "get three years and the girl would get off" and "I think I can keep the girl from being charged". His counsel testified he told petitioner and his companion he had not talked with the sentencing judge nor could he be talked to about any sentence; he could not make any assurance as to the sentence—that was something they would have to take a chance on—and he would do the best he could in open court to get a reduced sentence. The court sentenced petitioner to two years nine months in the penitentiary; the girl "never did serve time" as the court suspended the imposition of sentence. SDCL 23-57-4. A transcript of the proceedings when the pleas of not guilty were withdrawn and pleas of guilty entered shows the judge asked defendant

"Has anybody made any promises or threatened you * * * ?

"A No.

"Q Is this of your own free will?

"A    Yes".

Petitioner then stated in his own words how the crimes were committed.    The soundness of making rather complete records of such proceedings is demonstrated by this proceeding.    While we should state only that the habeas corpus court found petitioner entered his pleas of guilty voluntarily and the evidence amply supports that finding and affirm the judgment quashing the writ,[1] we have briefly outlined the evidence.

It must be said this appeal is frivolous.    This is not to be taken as any reflection on the good faith of his counsel in this proceeding who, under his appointment for the indigent petitioner, produced the evidence available to him and on an adverse ruling (on demand of the indigent) considered it his duty under decisions of the courts to appeal.[2]    He should not be faulted for so doing.    This is another example supporting the statement of Judge Henry J. Friendly of the United States Court of Appeals for the Second Circuit in his trenchant 1970 Ernst Freund lecture that

> "The time of judges, prosecutors, and lawyers now devoted to collateral attacks, most of them frivolous, would be much better spent in trying cases." Is Innocence Irrelevant?    Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142 at 148-9.

> Affirmed.

> All the Judges concur.

---

1. See State v. Roth, 84 S.D. 44, 166 N.W.2d 564.
2. Where the indigent defendant demands an appeal from a conviction, an obligation to appeal exists and his further duties are set out in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.    SDCL 21-27-4 (1970 pocket supp.) provides for payment of reasonable counsel fees and expenses incurred in original and appellate habeas corpus proceedings.    The duties of counsel in such appeals are analogous to those on appeals from original conviction.    See generally 21 Am. Jur.2d, Criminal Law, §§ 227, 232, 233, 321 and 322.