**Charles R. ORRICER, Plaintiff,**

v.

**Donald R. ERICKSON, Warden of the South Dakota State Penitentiary, Defendant.**

No. Civ. 71–10S.

United States District Court, D. South Dakota, S. D.

Aug. 5, 1971.

---

Martin Weeks, of Bogue & Weeks, Vermillion, S. D., for plaintiff.

Roger A. Schiager, Special Asst. Atty. Gen., Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner has filed a petition in this court seeking federal habeas corpus relief from a state court conviction of second degree burglary. Petitioner has exhausted his state court remedies in accordance with the requirements of 28 U.S.C.A. § 2254. *See,* State v. Orricer, 80 S.D. 126, 120 N.W.2d 528 (1963) (direct appeal from conviction); Orricer v. State, S.D., 181 N.W.2d 461 (1970) (appeal from denial of post conviction relief).

Petitioner sets forth the following grounds for the relief requested: (1) that evidence obtained as a result of an illegal search and seizure was admitted against him at trial; (2) that he was denied effective assistance of counsel; (3) that the county sheriff who testified against petitioner at trial took part in the selection of the jury panel for that particular term of court; (4) that a deputy county sheriff who was a witness at trial also served as bailiff; (5) that the trial court lacked jurisdiction; (6) that petitioner was denied the right to

be present at a hearing at which his transfer to the State Penitentiary for security purposes was ordered; (7) that perjured testimony was given by a state witness; (8) that the evidence against him was insufficient to support a verdict of guilty.

## SEARCH AND SEIZURE

At about 3:45 a. m. on the morning of November 13, 1960, two police officers discovered evidence that a burglary had taken place at a supermarket located in Vermillion, South Dakota. During the immediate investigation two men were observed in an alley near the store. Upon being requested to stop the two men fled on foot. An attempt to overtake the two men was unsuccessful. Less than an hour later two policemen who had received word of the burglary observed a man who later was identified as petitioner driving a 1954 Buick bearing out of county license plates on a street in Vermillion. The officers stopped the car and questioned petitioner. The vehicle was registered to Lawrence Geelan. Shortly after the 1954 Buick was stopped other law enforcement personnel arrived on the scene. Upon looking in the window of the 1954 Buick, the Sheriff of Clay County observed a pair of gloves lying on the front seat. The vehicle was then taken to the police station and locked. The following morning at about 8:30 a. m. the car was searched without a warrant and the gloves were removed. The gloves proved to have a substance on the fingertips which connected them with the burglary which had taken place.

On the basis of the above facts the petitioner contends that the gloves were the product of an illegal search and seizure. This court does not agree. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence." Harris v. United States, 390 U.S. 234, 236, 88 S. Ct. 992, 993, 19 L.Ed.2d 1067 (1968).

In this instance the law enforcement personnel were constitutionally in a position to observe the gloves which were in plain view on the front seat of the vehicle. Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969). The fact that the gloves were not taken into custody by the sheriff at the time he first examined them and that they were instead replaced in their original position and not removed until approximately four hours later does not serve to remove their seizure from the intent of the plain view doctrine. Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969); Leffler v. United States, 409 F.2d 44 (8th Cir. 1969).

## EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner was arrested on November 13, 1960. On November 14, 1960, he was brought before a magistrate and the charges against him were read. Attorney Norman Jacquith, who was present at the time of the preliminary arraignment, was engaged to represent petitioner and continued to do so until after the imposition of sentence on March 29, 1961. At trial petitioner was also represented by attorney John MacArthur.

On November 19, 1960, petitioner waived a preliminary hearing. Prior to this waiver a preliminary hearing was held involving Lawrence Geelan who was alleged to be petitioner's accomplice in the burglary. Petitioner contends that the waiver of the preliminary hearing was against his wishes. Jacquith, petitioner's attorney, testified during the postconviction hearing held on April 16, 1969, that due to the previous preliminary hearing involving the same criminal acts, it was his opinion that it was not necessary to have a further preliminary hearing. Jacquith testified that petitioner agreed to the waiver.

On November 21, 1960, the sheriff and state's attorney of Clay County presented an ex parte motion to the circuit court for a transfer of petitioner from the Clay County Jail to the State Penitentiary at Sioux Falls, South Dako-

ta, for security reasons. Pursuant to an Order of the Circuit Court, based on the ex parte application, petitioner was transferred to the state penitentiary. On February 27, 1961, petitioner was returned to Clay County following his successful application for habeas corpus relief. It is conceded by the state that no statutory authorization for the transfer of petitioner to the state penitentiary while awaiting trial existed. Petitioner contends that due to the security restrictions at the state penitentiary and the failure of Jacquith to properly keep in touch with him and to properly prepare for his defense, certain evidence favorable to him was lost for trial purposes.

■ A petitioner seeking to establish ineffective assistance of counsel bears a substantial burden. Bruner v. United States, 432 F.2d 931 (10th Cir. 1970); Ellis v. State of Oklahoma, 430 F.2d 1352 (10th Cir. 1970). "The rule applicable is that a charge of inadequate representation can prevail 'only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court.' (citations omitted)" Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967), quoted with approval, Hanger v. United States, 428 F.2d 746, 748 (8th Cir. 1970).

■ From the record it appears that petitioner was afforded substantially the same visitation and other privileges in the state penitentiary as he would have been afforded in the Clay County Jail. He was not cut off from his attorney and did in fact communicate with him. Petitioner was returned to Vermillion almost thirty days before trial. Petitioner was afforded adequate representation by two attorneys during the actual trial of the case. Petitioner's claim that the waiver of a preliminary hearing was against his will is refuted by the testimony received during the post-conviction evidentiary hearing. The failure on the part of petitioner's counsel to request the appointment of an expert to assist in the defense did not constitute ineffective assistance of counsel. The trial court had no independent duty to appoint an expert in the absence of a request.

Petitioner's contention that he was prejudiced by the fact that he was not present at the ex parte hearing which resulted in his transfer to the state penitentiary is closely related to the claim of ineffective assistance of counsel. Having determined that petitioner was not denied effective assistance of counsel, this court concludes that no prejudice resulted to petitioner by his absence at the hearing.

■■ The remaining grounds for relief presented by the petitioner are without merit. The jurisdiction of the trial court was not terminated by the habeas corpus proceedings which resulted in an order directing the return of petitioner from the state penitentiary to the custody of the Clay County Sheriff. Orricer v. State, S.D., 181 N.W.2d 461, 465 (1970). The petitioner has failed to establish any prejudice resulting from the fact that the sheriff assisted in the drawing of the jury panel for that term of court or from the fact that the deputy sheriff who was a witness at trial served as bailiff prior to the empaneling of the jury. Shepherd v. Wingo, 414 F. 2d 274 (6th Cir. 1969). The finding by the South Dakota Supreme Court that the discrepancies in the testimony given by one of the police officers at the Orricer trial and the Geelan trial were not sufficient to establish perjury on the part of the officer is supported by the record. Orricer v. State, S.D., 181 N. W.2d 461, 465 (1970). The evidence adduced at trial was sufficient to warrant petitioner's conviction.

The burden is on the petitioner to establish by convincing evidence that the factual determination made by the state court in post-conviction proceedings were in error. 28 U.S.C.A. § 2254; In Re Parker, 423 F.2d 1021 (8th Cir. 1970). This burden has not been sustained. No contention is made that the

state post-conviction proceedings were not full, fair and adequate. This court finds to the contrary. The petition for habeas corpus relief is denied.

This memorandum decision shall constitute the findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.