*100 GILBERTSON, Chief Justice
(concurring in part and dissenting in part).
[¶38.] I agree with the Court that there is no statutory right to counsel in a forfeiture proceeding. I also agree that the Sixth Amendment right to counsel is not triggered in a civil forfeiture proceeding. Where I part ways with the Court, is with the proposition that the Due Process Clause of the Fourteenth Amendment requires appointment of counsel at taxpayer expense in a civil forfeiture proceeding.
[¶ 39.] The Due Process Clause of the Fourteenth Amendment “imposes on States standards necessary to ensure that judicial proceedings are fundamentally fair.” Lassiter v. Dept. of Social Services, 452 U.S. 18, 33, 101 S.Ct. 2153, 2163, 68 L.Ed.2d 640 (1981). However, there are limitations on when the State is required to provide an indigent defendant with counsel. Id. at 25, 101 S.Ct. at 2158, 68 L.Ed.2d 640. Lassiter reiterated the general rule concerning the right to counsel under the Due Process Clause: “counsel must be provided before any litigant may be sentenced to prison, even where the crime is petty and the prison term brief.” Id. It then provided a review of jurisprudence in this area by noting that the Court did not find a per se right to counsel existed for probationers facing revocation hearings, Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), or a right to appointed counsel for criminal prosecutions that do not result in the defendant’s loss of personal liberty. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).
[¶ 40.] The precedents have resulted in a presumption against providing an indigent litigant with appointed counsel unless “if he loses, he may be deprived of his physical liberty.” Lassiter, 452 U.S. at 27, 101 S.Ct. at 2159, 68 L.Ed.2d 640. The Court’s precedents clearly require that other courts that undertake Due Process analysis do so in a manner that weighs the other elements in the due process decision “against this presumption.” Id.
[¶ 41.] The three elements against which the presumption must be weighed are: 1) the privacy interests at stake, 2) the government’s interests, and 3) the risk that the procedure used will lead to erroneous decisions. Id. (citing Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)). The elements are balanced against each other and their net weight is then weighed against the presumption that the right to appointed counsel exists only where the indigent litigant, if he is unsuccessful, may lose his personal freedom. Id.
[¶ 42.] The Court maintains that because Apple’s culpability in a drug-related transaction is relevant under the forfeiture proceeding, he faces a real and significant danger that he could prejudice himself in subsequent criminal proceedings. The Court goes on to state that “Apple has far more at stake than his property interest in $1,010” due to the protections of the Fifth Amendment right against self incrimination and the Fourth Amendment prohibition against unreasonable searches and seizures. Supra ¶ 29.
[¶ 43.] However, this discussion misses the most salient point in the United States Supreme Court’s Due Process jurisprudence. The Due Process Clause is triggered only if the indigent litigant, if unsuccessful, faces the potential loss of personal freedom. In the instant case, the language “if unsuccessful ” refers to whether Apple will lose in the forfeiture action. Only if Apple loses in the forfeiture action, and as a result of that loss faces the potential loss of freedom, would the right to counsel trigger.
*101 [¶ 44.] Apple faces only the loss of the $1,010 in the forfeiture action, not the loss of his personal freedom. His innocence or guilt in the future criminal prosecution would not be determined in or by the civil forfeiture proceeding. At the forfeiture proceeding, the State must be able to show by a preponderance of the evidence that the $1,010 was subject to forfeiture. SDCL 34-20B-70.[3] This standard of proof falls far shy of the required showing in a criminal conviction of proof beyond a reasonable doubt. Therefore, the present action does not trigger the first step in the Due Process examination as Apple does not face the potential loss of his personal freedom in the event of a loss in the civil forfeiture action.
[¶ 45.] Even if we were to suspend that portion of the test and conduct the Mathews elements of balancing, Apple would still not be entitled to court-appointed representation in the civil forfeiture. Apple’s only liberty interest in the civil forfeiture action is the loss of $1,010. While this might be a significant sum of money, it is not in the nature of the loss of freedom, the loss of parental rights, or the revocation of parole. The right to one’s money or property is a legitimate property interest, but not a liberty interest on the scale of personal freedom.
[¶ 46.] Furthermore, the United States Supreme Court has held that the pre-trial seizure of assets that prevents a defendant from using funds frozen in a federal drug money forfeiture action to hire defense counsel does not violate the Fifth Amendment’s Due Process Clause; as such a seizure does not cause an imbalance of forces between the accused and the government. United, States v. Monsanto, 491 U.S. 600, 614, 109 S.Ct. 2657, 2666, 105 L.Ed.2d 512 (1989). The Court specifically noted that “permitting a defendant to use assets for his private purposes that, under *102 this provision, will become the property of the United States if a conviction occurs cannot be sanctioned.” Id. at 613, 109 S.Ct. at 2665, 105 L.Ed.2d 512. There is no legal justification to force the expenditure of taxpayer funds on a defendant’s attempt to retain funds that may be the fruit of illegal drug trafficking.
[¶ 47.] Finally, the áppointment of counsel for Apple would undoubtedly assist him to understand and answer the State’s interrogatories, and in navigating through the civil forfeiture action. Appointing counsel in order for Apple to present the very same evidence he filed with the circuit court as to the source of the $1,010 would not decrease the risk that the civil forfeiture action would result in an erroneous decision. The Eldridge factors do not tip the scale in favor of appointing representation.
[¶ 48.] The Court has stated that Apple’s Fifth Amendment right against self incrimination is implicated at the civil forfeiture proceedings. It is true that “the Fifth Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.” State v. Abraham, 318 N.W.2d 775, 777 (S.D.1982) (citing Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)). However, before the protections of the Fifth Amendment apply a defendant must first show that his previous testimony was compelled. Id. (citing Garner v. United States, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); State v. Roth, 84 S.D. 44, 166 N.W.2d 564 (1969)).
[¶ 49.] . Apple argues that any testimony he might give at the civil forfeiture action might be used against him at a subsequent criminal proceeding. However, Apple is not being compelled to be a witness against himself at the civil forfeiture action. He was able to file motions to release the money and resist the action and for a continuance. Apple’s only stated reason for petitioning for appointed counsel was his purported inability to understand the State’s interrogatories in the civil forfeiture action. I am unaware of any constitutional or statutory provision that allows the court appointment of counsel because a civil litigant claims he or she cannot understand a request for discovery.
[¶ 50.] The United States Supreme Court has held that pre-trial seizure of suspected drug money does not result in a Due Process violation when the seizure prevents a defendant from hiring counsel of choice and may result in the loss of personal freedom in an impending criminal trial. Moreover, there is no precedent in any jurisdiction for the notion that an indigent litigant has a Due Process right to state appointed counsel at a civil forfeiture action because the collateral consequences of the proceeding may result in a loss of personal freedom upon criminal conviction. I would reverse the circuit court’s appointment of counsel.

. SDCL 34-20B-70 provides:
The following are subject to forfeiture and no property right exists in them:
(1) All controlled drugs and substances and marijuana which have been manufactured, distributed, dispensed, or acquired in violation of the provisions of this chapter or chapter 22-42;
(2) All raw materials, products, and equipment of any kind which are used or intended for use, in manufacturing, compounding, processing, importing, or exporting any controlled drug or substance or marijuana in violation of the provisions of this chapter or chapter 22-42;
(3) All property which is used, or intended for use, as a container for property described in subdivisions (1) and (2);
(4) All conveyances including aircraft, vehicles, or vessels, which transport, possess, or conceal, or which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of marijuana in excess of one-half pound or any quantity of any other property described in subdivision (1) or (2), except as provided in §§ 34-20B-71 to 34-20B-73, inclusive. This subdivision includes those instances in which a conveyance transports, possesses or conceals marijuana or a controlled substance as described herein without the necessity of showing that the conveyance is specifically being used to transport, possess, or conceal or facilitate the transportation, possession, or concealment of marijuana or a controlled substance in aid of any other offense;
(5) All books, records, and research, including formulas, microfilm, tapes, and data which are used, or intended for use, in violation of this chapter;
(6) Any funds or other things of value used for the purposes of unlawfully purchasing, attempting to purchase, distributing, or attempting to distribute any controlled drug or substance or marijuana;
(7) Any assets, interest, profits, income, and proceeds acquired or derived from the unlawful purchase, attempted purchase, distribution, or attempted distribution of any controlled drug or substance or marijuana.