Stanley **KREGGER**, Appellant,

v.

William H. **BANNAN**, Warden, Appellee.

No. 13846.

United States Court of Appeals
Sixth Circuit.
Jan. 15, 1960.

Stanley Kregger, in pro. per.

Samuel J. Torina, Lansing, Mich., Paul L. Adams, Atty. Gen., Samuel J. Torina, Solicitor Gen., Lansing, Mich., Daniel J. O'Hara, Perry A. Maynard, Asst. Attys. Gen., on the brief, for appellee.

Before MARTIN and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

PER CURIAM.

In this cause, which had been set for hearing and was heard on December 5, 1959, the appellant, acting in *propria persona*, filed three briefs: the main brief, a supplemental brief, and an additional supplement. The appellee Warden of Michigan State Prison appeared by the Solicitor General of Michigan and also filed a brief with appendix.

On the morning of the hearing, the Clerk of Court received a communication from appellant asking further time to file certain exhibits and papers. He was allowed fifteen days in which to file the documents; and, now that the extended time has expired and the additional documents have been considered, the appeal may be disposed of.

The appellant was convicted by jury verdict in a Michigan court for first-degree murder in the killing of his wife, and the statutory sentence was imposed. He appealed to the Supreme Court of Michigan, where his judgment of conviction and sentence was affirmed. People v. Kregger, 335 Mich. 457, 56 N.W.2d 349. Following this, he filed a *habeas corpus* proceeding in the United States District Court for the Eastern District of Michigan against the Warden of the Michigan State Prison. In the federal court, he averred that he had been deprived of his constitutional rights in the State court in violation of the Fourteenth Amendment of the Constitution of the United States.

Appellant's main complaint is that he gave appropriate notice to the State Prosecuting Attorney that he intended to claim insanity as a defense; but that, despite this, the State trial court directed the jury to give no consideration to his claim of insanity, for the reason that he introduced no testimony whatever to the effect that he was insane at the time he killed his wife.

In his succinct, logical opinion, District Judge Levin cited Leland v. State of Oregon, 343 U.S. 790, 798, 799, 72 S.Ct. 1002, 96 L.Ed. 1302, which pointed out that an accused must institute proof if he would overcome the presumption of sanity. The district court held that the mere assertion of the defense of insanity does not of itself, entitle the defendant to go to the jury on the alleged defense. For authority on Michigan law, the United States District Judge cited People v. Eggleston, 186 Mich. 510, 152 N.W. 944. The petition for writ of *habeas corpus* was denied and the action dismissed. Kregger v. Bannan, D.C., 170 F.Supp. 845.

The judgment, being in our opinion correct for the reasons stated in the district court opinion, is accordingly affirmed.