**Robert E. HUSON, Plaintiff-Appellant,**

v.

**B. J. RHAY, Superintendent, Washington State Penitentiary, Defendant-Appellee.**

No. 25245.

United States Court of Appeals, Ninth Circuit.

July 21, 1971.

Rehearing Denied Aug. 11, 1971.

———◆———

Robert E. Huson, in pro. per.

Slade Gordon, Atty. Gen., Paul J. Murphy, David W. Schiffrin, Asst. Attys. Gen., Olympia, Wash., for defendant-appellee.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

DUNIWAY, Circuit Judge:

A jury, sitting in the Superior Court of King County, Washington, found Huson guilty of murder in the first degree. It did not, however, fix the penalty at death, as the prosecutor demanded. On Huson's appeal to the Supreme Court of Washington, his conviction was affirmed. State v. Huson, 1968, 73 Wash. 2d 660, 440 P.2d 192. We do not repeat here the facts of the case; they are set out in the cited opinion.

Huson's petition to the District Court for a writ of habeas corpus relies on one ground only—that the arguments of the prosecutor to the jury were so bad as to amount to a denial of due process. A similar claim was presented to the Supreme Court of Washington, which declined to entertain it because counsel for Huson "knowingly waived objection to the remarks." (440 P.2d at 195.) The District Court examined the trial transcript and denied the writ, saying:

> "This Court is inclined to adhere to the decision of the Supreme Court of the State of Washington. The reasons given for its ultimate decision are sound."

We affirm. We too have examined the entire trial transcript, and we conclude that this case is controlled by the principles applied by us in Rhay v. Browder, 9 Cir., 1965, 342 F.2d 345. In that case, also involving a Washington State conviction, there was a failure to object to an instruction, as the state law required, and the Washington Supreme Court refused to consider the merits of the objection to the instruction on appeal. We reversed the grant of a writ of habeas corpus, based on the giving of the instruction, holding that there had been either "an inexcusable nonconformity with the state procedural requisites," citing Chavez v. Dickson, 9 Cir., 1960, 280 F.2d 727, or "a waiver of the point by failing to take proper objection to the instruction." (342 F.2d at 348.) We also said (p. 348):

> "We think that if ever a procedural rule does 'serve a legitimate state in-

terest' (Henry v. State of Mississippi, supra, 379 U.S. 443, 85 S.Ct. 564, p. 567, 13 L.Ed.2d 408), the rule applied by the Washington court does."

The same can be said of the Washington rule that objection must be taken to improper argument of the prosecutor, applied in this case by the Washington court. Not every improper argument in a state case is so egregiously bad as to raise a federal constitutional question. This is but an example of the rule "that a defendant is not entitled to an error-free trial, and that the writ of habeas corpus is not a substitute for an appeal." (Rhay v. Browder, *supra*, 342 F.2d at 349.) The usual rule in most courts, including this one, is that there must be objection to what is claimed to be improper argument, or the point is waived. *E. g.* United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 237–240, 60 S.Ct. 811, 84 L.Ed. 1129; Forsberg v. United States, 9 Cir., 1965, 351 F.2d 242; White v. United States, 9 Cir., 1963, 315 F.2d 113, where we characterized failure to object as "a complete waiver." The reason for the rule is that the court, upon objection, can readily correct the error, and prevent further error, by admonishing counsel and instructing the jury to disregard the argument. Orebo v. United States, 9 Cir., 1961, 293 F.2d 747, 749. The courts rightly feel that counsel should not be permitted to disregard the inflammatory argument, gamble on getting a verdict in spite of, or perhaps because of, that argument, and then raise the point for the first time if the gamble does not pay off. Here, defense counsel did just that; he used the inflammatory tirade of the prosecutor as the basis for his opening remarks, characterizing it as such, and asked the jury to judge for itself "just how fair he [the prosecutor] is." He devoted his own argument to an attempt to persuade the jury to find Huson "not guilty by reason of mental irresponsibility," or, in the alternative,

"to sentence him to life imprisonment." He concluded with a warning that the jury could expect "a tirade again demanding that you come up with the death penalty." His prediction was accurate, but he sat through the prosecutor's closing argument without once objecting. His strategy succeeded; the jury did not impose the death penalty, in a case where the evidence of murder in the first degree was overwhelming.

Affirmed.