**J. C. KELLEY and James E. Cunningham**

v.

**Jim ROSE, Warden, Tennessee State Prison, Nashville, Tenn.**

**Civ. A. No. 6389.**

United States District Court, E. D. Tennessee, S. D.

Aug. 7, 1972.

Ray Siener, Chattanooga, Tenn., for J. C. Kelley.

Marvin Berke, Chattanooga, Tenn., for James E. Cunningham.

David M. Pack, Atty. Gen., Nashville, Tenn., Edward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., for respondents.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This case presents a habeas corpus petition filed by J. C. Kelley and James E. Cunningham pursuant to Section 2241, Title 28 U.S.C., wherein the petitioners seek to set aside their respective convictions and sentences imposed in the state court cases of "State of Tennessee v. James E. Cunningham," Criminal No. 99,983, and "State of Tennessee v. J. C. Kelley," Criminal No. 99,984, in the Criminal Court for Hamilton County, Tennessee.

The petitioners, along with four other defendants, Robert Parks, Wilson Williams, Freddie Williams, and James L. Woods, were each indicted for having committed rape upon a 17 year old girl upon August 4, 1960. Upon October 19–21, 1960, the petitioners were jointly tried, along with two of the codefendants, Robert Parks and Wilson Williams. All four defendants were found guilty and sentenced to death. The conviction of each defendant was affirmed upon appeal upon July 26, 1961. Thereafter the death sentence of each defendant was commuted to a 99 year sentence. The petitioners are each presently serving these sentences.

In July of 1968 the petitioners filed a petition for a writ of habeas corpus in this court in a proceeding entitled "J. C. Kelley and James E. Cunningham v. Lake F. Russell, Warden, Tennessee State Penitentiary," Civil Action No. 5318. That petition was dismissed for failure of the petitioners to exhaust their state court post-conviction remedies.

Thereupon the petitioners filed a post-conviction petition in the Criminal Court for Hamilton County, Tennessee, in a cause entitled "J. C. Kelley and James E. Cunningham v. State of Tennessee," No. 115,475. In that petition it was asserted that the petitioners were each denied the right to confront and cross-examine witnesses in their criminal trial and that improper argument had been made by the State's attorney. An evidentiary hearing was held in the state court with the result that post-conviction relief was denied. The denial of relief was affirmed upon appeal.

Thereupon there was filed in this court the present joint petition for habeas corpus wherein the petitioners each advanced two grounds for relief, which grounds may be summarized as follows:

(1) Each petitioner contends that he was denied the right to confront and cross-examine his accuser in that the confessions of other co-defendants were introduced against him in violation of the rules established in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L. Ed.2d 934 (1965) and Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

(2) Each petitioner contends that he was denied due process by the improper closing argument of the State's attorney.

Separate counsel was duly appointed for each petitioner. Since the filing of the joint petition, however, J. C. Kelley has moved to be allowed to dismiss his petition and this motion has heretofore been allowed.

The case is now before the Court upon the petition of James E. Cunningham only. The full record in the criminal trial and the full record in the state post-conviction proceedings has been filed and is before the Court. These records adequately disclose all factual matters relevant to the issues raised and no further evidentiary hearing is necessary or appropriate. On the contrary, the case may be properly decided upon the record now before the Court.

The record reflects that upon September 14, 1960, the petitioner was indicted, along with five other co-defendants, for the offense of having committed rape upon one Nancy Augden, a 17 year old girl. The offense was charged to have been committed upon August 4, 1960. The petitioner was 22 years of age at that time and his co-defendants ranged in age from 17 to 22. Upon October 19, 1960, the petitioner was put to trial upon the charge jointly with three co-defendants, Robert Parks, Wilson Williams and J. C. Kelley. The remaining two co-defendants, Freddie Williams and James Woods, were not tried at that time but were called as witnesses by the State.

The evidence upon the trial reflects that the victim, Nancy Augden, and her boy friend, Joseph H. Yates, each 17 years of age, testified that they were sitting in a parked car in a secluded area known as Pine Top Hill in Chattanooga, Tennessee, about 10:00 P.M. upon August 4, 1960, when they were

suddenly approached by four black males who ran up to the car. One seized Yates and held him while another tore the clothing off of Miss Augden. Each then in turn committed or attempted to commit rape upon Miss Augden. After each had assaulted Miss Augden and after robbing her of her wrist watch and Mr. Yates of his wrist watch and billfold, the four black males departed. Both Miss Augden and Mr. Yates identified the co-defendant, Robert Parks, as one of the rapists, but because of the darkness were unable to identify the other three participants. The evidence reflects that the two wrist watches were later recovered at a residence where three of the defendants, including the petitioner, either lived or frequently stayed. The sexual assault upon the victim was medically verified.

In addition to certain testimony placing the petitioner with the defendant Parks and the other co-defendants upon the evening of the assault, the substance of the remainder of the testimony introduced at the criminal trial consisted of the confession of the petitioner, the confession of each of his three co-defendants, and the testimony of the two co-defendants, Freddie Williams and James Woods, who were not themselves then on trial. Neither the petitioner nor any of his co-defendants took the witness stand and testified. Rather, the defense rested at the completion of the State's evidence. An issue was raised in the criminal trial with regard to the voluntariness of each confession introduced at the trial, but this issue was resolved in favor of admissibility by the trial court and submitted to the jury and this action was affirmed upon appeal. Upon the present petition the only issue raised regarding the confessions is that the use of the confessions of co-defendants who did not themselves testify was a violation of the petitioner's Sixth Amendment right to confrontation. A similar Sixth Amendment issue is raised with respect to the testimony of the witness, Freddie Williams.

The petitioner's own confession fully admitted his commission of rape upon the victim and his participation with five other black males in the commission of the offense. The confession of each of the other three co-defendants upon the trial likewise admitted their commission of rape or attempted rape upon the victim and their participation with five other black males in the commission of the offense. It appears that in relating each confession only the name of the confessor was used, with the remaining participants being impersonally referred to. The multiple confessions, however, did corroborate each other as to many details.

James Woods was called as a witness by the State and testified that upon the evening of the offense he went with the five other co-defendants to Pine Top Hill, but that he remained in the automobile while the other five, including the petitioner, went to the area of the parked car on the hill. Woods did not witness what occurred after the other five left him, but when they returned the petitioner, Cunningham, gave him a dollar not to tell what had occurred that evening. Later in the trial Woods was recalled to the witness stand by the defense and retracted his statement that Cunningham had given him a dollar not to tell what had occurred that evening.

Freddie Williams was also called as a witness by the State. He testified that during the evening of the offense he also went with the five other defendants to Pine Top Hill, but that he, too, remained in the car with James Woods and did not witness what the other four, including the petitioner Cunningham, did after they went toward the parked car. At this point in his testimony the State's attorney claimed surprise and hostility and was permitted to cross-examine Williams regarding an alleged confession in which he had stated that he went with the other four defendants and that while he did not participate in any way, he witnessed the other four rape or attempt to rape the victim.

Williams denied having made any such confession.

It is to the State's use of the confession in the cross-examination of Williams, and which confession was denied by Williams, that the petitioner contends was a denial of his right of confrontation and cross-examination. In support of this contention the petitioner relies upon the rule laid down in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). This reliance is misplaced, however, for the facts and circumstances in the present case do not comport with the facts and circumstances in *Douglas*. In that case a confession inculpating the defendant on trial was placed before the jury under the guise of cross-examining a hostile co-defendant who claimed his Fifth Amendment right to refuse to testify. Since the witness claimed the right not to testify, and was accorded that right, the defendant was effectively prevented from making any cross-examination of the witness regarding the purported confession which implicated him.

An analogy to *Douglas* would exist in the principal case had Freddie Williams asserted his right under the Fifth Amendment not to testify. However, he specifically waived that right with the consent and approval of his counsel. He was accordingly available for the purpose of cross-examination and was in fact cross-examined by the petitioner's counsel. In his cross-examination, as upon his direct examination, he denied so much of the confession as purported to make him an eye witness to the petitioner's commission of a rape. Under these circumstances the reasoning of the Court in the case of United States v. Sims, 430 F.2d 1089, at 1091 (C.A.6, 1970), would be applicable wherein it stated:

"Our resolution of this narrow issue can be briefly stated. A defendant is not denied his Sixth Amendment right to confrontation when a codefendant's incriminating statement, which implicates the defendant, is used against the codefendant during trial if subsequently the codefendant takes the stand in his own behalf. The right to confrontation would then exist for the defendant regardless of whether the codefendant denies or admits making all or part of the incriminating and implicating statement. This rule presupposes that the trial court gives adequate cautionary instructions on the limited use to be made of the incriminating statement. Accordingly, we choose not to, nor do we believe that the reasoning in *Bruton* can be extended beyond the limited facts of that case."

In support of this line of reasoning see also California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) and Dutton v. Evans, 400 U.S. 74, 91 S. Ct. 210, 27 L.Ed.2d 213 (1970).

The Court is accordingly of the opinion that the petitioner was deprived of no confrontation rights with respect to the testimony of the witness, Freddie Williams.

Returning to the confessions of the three co-defendants of the petitioner, that is the confessions of Robert Parks, Wilson Williams and J. C. Kelley, it is contended that the State's use of these confessions of the co-defendants was a violation of the petitioner's Sixth Amendment right to confront and cross-examine his co-defendants since neither of them took the witness stand. The petitioner relies in this regard upon the rule laid down in the case of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which rule was made retroactive in both federal and state prosecutions in Roberts v. Russell, 392. U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

*Bruton* is of course authority for the proposition that the use in criminal trials of the confession of a non-testifying co-defendant, which confession implicates another defendant then on trial, is a violation of the latter defendant's Sixth Amendment confrontation rights and that such a violation may not be

avoided by instructions to the jury to consider the confession only as to the declarant and disregard it as to the other defendant or defendants.

■ The respondent here seeks to avoid the application of the rule in *Bruton* by contending that each confession introduced at the criminal trial was limited in its reference to the defendant making the confession, and that no reference was made to the petitioner in any of the confessions of non-testifying co-defendants. While it is true that each confession was introduced in a manner so that it identified by name only the person to whom the confession was attributed, it is likewise true that the multiple confessions, each specifying the presence of other persons without naming them and each corroborating details of other confessions as well as other admissible evidence, did implicate defendants other than the defendant charged with having given the particular confession. The rule in the *Bruton* case may not be avoided by the simple device of leaving a co-defendant unnamed in a confession, where the co-defendant is otherwise sufficiently identified by the confession to cause a jury to reasonably believe that he is implicated or inculpated by the confession. In this regard it is not inappropriate to note that Justice White in his dissent in the *Bruton* case makes the following interpretation of the rule laid down in that case:

"I would suppose that it would be necessary to exclude all extra judicial confessions unless all portions of them which implicate defendants other than declarant are effectively deleted. Effective deletion will probably require not only omission of all direct and indirect inculpations of codefendants but also of any statement that could be employed against those defendants once their identity is otherwise established. Of course, the deletion must not be such that it will distort the statements to the substantial prejudice of either the declarant or the Government. If deletion is not feasible, then the Government will have to choose either not to use the confession at all or to try the defendants separately." (391 U.S. 123 at 143, 88 S. Ct. at 1632)

■ In the criminal trial here involved it would appear that the multiple confessions, by identifying the presence of the exact number of co-defendants charged with the offense and by corroborating in considerable detail the activities of each participant as recounted in other confessions as well as in other admissible evidence, the confessions of the co-defendants, Robert Parks, Wilson Williams and J. C. Kelley, would tend to inculpate not only the co-defendant charged with making the confession but also the petitioner. Their admission would accordingly violate the petitioner's Sixth Amendment confrontation rights as interpreted not only in the *Bruton* decision but also the rule as established in decisions prior to *Bruton,* for in the present case no curative jury instructions were requested or attempted. Rather, the trial court appears to have relied wholly upon the exclusion from the confessions of the names of all defendants other than declarant.

Having found a denial of the petitioner's confrontation rights in the admission of his co-defendants' confessions, the issue thus raised in this lawsuit is not resolved. Rather, the Court must determine whether the violation was harmless error beyond a reasonable doubt upon a review of the full record. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and Schneble v. Florida, 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340 (1972). As this would be true with respect to any other error found in the record, it would be appropriate before undertaking this review to consider the petitioner's contention regarding improper argument.

■ The nature of the argument complained of is not reflected with any reliability in the record. It appears that no record was made of the argument and no objection was made to the argument at the time of the trial. Rather, to es-

tablish the content of the objectionable argument the petitioner relies upon the testimony of an accused or relatives of an accused who were courtroom spectators and who first testified at the post-conviction hearing held in the state court in 1969. According to these witnesses the State's attorney included within his closing argument the remark, "These things, these animals, these beasts brutally attacked this little 12 year old girl." A nine year delay in establishing the nature of the objectionable argument and a failure to establish the context in which any such argument may have been made renders it difficult to evaluate either the credibility of the testimony (the girl was of course 17 years of age) or the nature and content of the argument and its possible harmful consequences. Even assuming the argument to have been as represented by the petitioner, while the argument would have been most improper, it would not appear to rise to the level of a denial of due process, the standard that must be applied before habeas corpus relief may be granted. As stated by this Court in the case of Keener v. State, 281 F.Supp. 964 at 968:

> "Matters pertaining to the propriety of the argument must ordinarily be asserted upon appeal, and are not grounds for habeas corpus relief unless they rise to the level of a denial of a constitutional right of the accused."

See also United States ex rel Kirk v. Petrelli, 331 F.Supp. 792 (D.C.N.D.Ill. 1971); Huson v. Rhay, 446 F.2d 861 (C.A.9, 1971); Peoples v. Hocker, 423 F.2d 960 (C.A.9, 1970); United States ex rel Satz v. Mancusi, 414 F.2d 90 (C.A.2, 1969); United States v. Nasta, 398 F.2d 283 (C.A.2, 1968).

Having found no error of constitutional dimension in the petitioner's contentions regarding the State's closing argument or regarding the testimony of the witness, Freddie Williams, but having found such constitutional error in the receipt of the confession of the co-defendants, Robert Parks, Wilson Williams and J. C. Kelley, it remains for the Court to determine whether this error requires the grant of a new trial or was harmless beyond a reasonable doubt.

A full reading of the trial record in this case discloses competent evidence that is overwhelming in establishing the guilt of the petitioner. Included within this evidence is the uncontradicted evidence that Nancy Augden was the victim of multiple sexual assaults upon the evening of August 4, 1960. Also included within this evidence is the uncontradicted evidence of both the victim and her boy friend that she was attacked by four black males, one of whom was Robert Parks, the uncontradicted testimony of witnesses Freddie Williams and James Woods that the petitioner, Cunningham, was one of three black males with Parks at the immediate time and place where the offense occurred and the uncontradicted evidence that the wrist watches stolen from the victims were found on a premises occupied by the petitioner. When there is added to this the full and explicit confession of the petitioner reciting his guilt of the crime of rape for which he was convicted, the inescapable conclusion is that any error in admitting the confession of co-defendants was harmless beyond a reasonable doubt.

An order will accordingly enter dismissing the petition for habeas corpus before the Court in this case.