**Jonathan Earl SPRATLIN, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, and William Janklow, Attorney General of the State of South Dakota, Appellees.**

**No. 77–1778.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1978.

Decided June 8, 1978.

Mary K. McCusker, Hill City, S. D., argued and filed brief and made rebuttal, for appellant.

William J. Janklow, Atty. Gen., and LeAnn Larson Finke (argued), Asst. Atty. Gen., Pierre, S. D., on brief for appellees.

Before LAY, HEANEY and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

Jonathan Earl Spratlin was convicted of distributing amphetamines in violation of South Dakota Compiled Laws Ann. § 39–17–88. He appealed, and his conviction was affirmed. *State v. Spratlin*, 243 N.W.2d 386 (S.D.1976). He then filed a motion in the United States District Court for the District of South Dakota pursuant to 28 U.S.C. § 2254 alleging the same errors

raised in his state appeal. The District Court denied relief and Spratlin timely filed this appeal. We affirm.

Spratlin contends that the information under which he was charged was insufficient, that there was no evidence to support his conviction and that the jury was erroneously instructed. He contends that these errors cumulatively amounted to a denial of due process and, therefore, his conviction should be reversed. We consider his claims of error under the standard of review applicable to post-conviction motions filed pursuant to 28 U.S.C. § 2254 that a state conviction is not to be overturned by a federal court unless the state prisoner can show that the "trial errors or irregularities infringe upon a special constitutional protection or are so prejudicial as to amount to a denial of due process." *Atwell v. State of Arkansas*, 426 F.2d 912, 915 (8th Cir. 1970) (citations omitted).

The evidence at trial, considered as it must be in the light most favorable to the government, *United States v. Wofford*, 562 F.2d 582, 585 n. 1 (8th Cir. 1977), established that Spratlin delivered a bag of pills, later determined to be amphetamines, to Larry Harris. Harris and Spratlin hid the bag along a country road and marked the spot with a pile of rocks. Spratlin left and Harris contacted William Conner who had requested Harris to obtain the amphetamines. Harris gave Conner a map indicating the place where the bag had been hidden. Conner then contacted Rich Carlson who had requested Conner to obtain the amphetamines. Conner was unaware that Carlson was an undercover agent. Carlson and Conner followed the directions on the map, located the bag and returned to Carlson's home where they were arrested and the amphetamines were seized. There was no testimony that any money changed hands between the parties. Spratlin testified, advancing an alibi defense, that he had been in another city the day of the alleged distribution.

The essence of Spratlin's appeal is that the theory of the case was changed so frequently that it confused the jury and denied Spratlin due process. The state proceeded on the theory that Spratlin had distributed the amphetamines directly to Conner until the close of the state's evidence. At that time, the state asserted that Spratlin had distributed the amphetamines to his agent Harris who had in turn distributed them to Conner. The state court again changed theories and, on its own motion, instructed the jury over Spratlin's objection that the jury could convict him if it found that he had distributed the amphetamines to Harris as an agent of Conner.

The short answer to Spratlin's contention is that South Dakota statutes equate the term "distribute" with "delivery," S.D. Compiled Laws Ann. § 39–17–44, and then define "delivery" as "the actual, constructive, or attempted transfer of a controlled drug or substance whether or not there exists an agency relationship."[1] S.D. Compiled Laws Ann. § 39–17–44(6). Thus, when Spratlin delivered a controlled substance to Harris, he violated the law and could be found guilty of a transfer to Conner if an agency relationship existed between Spratlin and Harris, or between Harris and Conner. While such an answer may be sufficient, we examine each of Spratlin's claims in order to assure ourselves that he was not denied due process.

### Sufficiency of the Information

The information charged that Spratlin

did wilfully, unlawfully and feloniously distribute or dispense a substance con-

---

1. By virtue of the definitions in the state statutes, Spratlin was on notice that the transfer of the controlled substance to the party named in the indictment, Conner, could be a transfer by "agency or otherwise." As the South Dakota Supreme Court stated:

One who undertakes to distribute a controlled substance unlawfully in this state does so at his peril and is not immune from prosecution merely because the person to whom the controlled substance is deemed delivered was not in privity with the distributor.

*State v. Spratlin*, 243 N.W.2d 386, 390 (S.D. 1976).

trolled under Chapter 39–17 SDCL 1967, as amended to-wit: did so distribute or dispense amphetamines to William Conner, within Butte County, South Dakota, in violation of SDCL 1967, 39–17–88.[2]

An information is sufficient if it both informs the defendant of what he is accused so as to enable him to prepare his defense, and affords him protection against double jeopardy. *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). In order for a conviction to be set aside on the grounds of insufficiency of the information, a defendant must show that the insufficiency was prejudicial to him. *United States v. Cartano*, 534 F.2d 788, 791 (8th Cir.), *cert. denied*, 429 U.S. 843, 97 S.Ct. 121, 50 L.Ed.2d 113 (1976).

█ Spratlin contends that the information was insufficient because it failed to either name Harris as a party to the transaction or to give Spratlin notice that the state was proceeding on the theory that an agency relationship existed between Spratlin and Harris or between Harris and Conner and, thus, the information failed to adequately apprise Spratlin of the charge against him so that he could prepare his defense.[3]

While the information did not specifically state that an agency theory was being relied upon by the prosecutor, Harris's name was listed on the reverse side of the information as a known prosecution witness. Thus, Spratlin was aware that Harris was involved in the case. After Harris and Conner had testified, the prosecuting attorney, out of the presence of the jury, stated:

[T]he state's case in chief is that Larry Harris was working for Mr. Spratlin, that Mr. Bill Conner was working for Mr. Larry Harris, and that Richard Carlson was working for the State of South Dakota as an undercover agent. That it is part of the chain of evidence that the drugs that were ultimately introduced into evidence in this case were procured by Mr. Bill Conner through Mr. Harris, from Mr. Spratlin.

When the prosecution rested, Spratlin was granted the right to recall any of the prosecution's witnesses. He did not do so, nor did he request a continuance. We, therefore, do not see how the alleged insufficiency in the information was prejudicial to Spratlin. *Cf. United States v. Cosby*, 529 F.2d 143 (8th Cir.), *cert. denied*, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976) (fatal variance alleged between indictment and proof).

### Lack of Evidence

█ Under the applicable standard of review, Spratlin is entitled to relief on a claim of lack of evidence only if his conviction is totally devoid of evidentiary support. *White v. Wyrick*, 530 F.2d 818 (8th Cir. 1976); *Cunha v. Brewer*, 511 F.2d 894, 898 (8th Cir.), *cert. denied*, 423 U.S. 857, 96 S.Ct. 108, 46 L.Ed.2d 83 (1975). Spratlin contends that there was no evidence to support a finding that he distributed amphetamines to Conner directly or that an agency relationship existed between himself and Harris, or between Harris and Conner. We agree that there is no evidence to support a finding that Spratlin distributed amphetamines to Conner directly. On the other hand, there is evidence in the record to support a finding that Harris acted as an agent for either Spratlin, Conner or both. The record shows that Conner requested

---

**2.** S.D. Compiled Laws Ann. § 39–17–88 provides that:

Except as authorized by this chapter, it shall be unlawful for any person to manufacture, distribute, or dispense a substance controlled under this chapter, or to possess with intent to manufacture, distribute, or dispense, a substance controlled under this chapter.

**3.** The information did protect Spratlin from being placed in double jeopardy. While this conviction was on appeal to the South Dakota Supreme Court, Spratlin was charged in state court with distribution of a controlled substance to Harris. That information was dismissed for the reason that it would place Spratlin in jeopardy a second time for the same transaction. *Butte County Criminal File No. 75-1235*, Court Journal # 5, p. 322, Clerk's Minutes (unpublished).

Harris to obtain amphetamines for him and that Harris carried out that request. The record also shows that Spratlin and Harris went together to hide the amphetamines, that Harris later gave Conner a map to the hidden amphetamines, and that they exchanged no money. It further shows that, on a previous occasion, Harris had received amphetamines from Spratlin, distributed them to a third party and Spratlin later came to Harris's home to pick up his portion of the money received for the drugs.

### Agency Instruction

The District Court, on its own motion, instructed the jury as follows:

In order to sustain its burden of proof under the charge contained in the information it is necessary for the State to prove beyond a reasonable doubt that Larry Harris was in fact the agent of William Conner at the time and place charged in the information.

In an agency relationship, the party for whom another acts and for whom he derives authority to act is known and referred to as a "principal", while the one who acts for and represents the principal, and acquires his authority from him, is known and referred to as an "agent". The agent is a substitute or deputy appointed by the principal with power to do certain things which the principal may or can do. Pursuant to the grant of authority vested in him by the principal, the agent is the representative of the principal and acts for, in place of, and instead of, the principal.

*State v. Spratlin, supra* at 388.

Spratlin contends that this jury instruction was erroneous because it espoused a theory of the case that had not been raised either before or during trial.

On direct appeal, the prosecuting attorney conceded error. Notwithstanding this concession, the South Dakota Supreme Court found the jury was adequately instructed and that the error, if any, did not require reversal. *State v. Spratlin, supra* at 390.

The instruction was confusing and a better instruction could, and should, have been given. We, however, can only grant habeas corpus relief if the error in the instruction was of a constitutional magnitude. *Wilson v. Parratt*, 540 F.2d 415 (8th Cir. 1976); *DeBerry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir. 1975). For the following reasons, we are not prepared to hold that the instruction on agency was so confusing as to constitute an error of constitutional magnitude. First, as we have previously stated, there was evidence to support the jury instruction. Second, Spratlin did not submit an instruction of his own. Third, Spratlin did not object to the instruction on the ground that it would be confusing to the jury. Instead, he objected to it on the grounds that the instruction did not conform to the information and that there was not sufficient evidence to warrant giving an instruction on agency. Neither of those grounds was meritorious. Fourth, the jury was properly instructed that the state had the burden of proving beyond a reasonable doubt that Spratlin had distributed the amphetamines and that the distribution could have been via an agent. Under these circumstances, we cannot find that the error was of a constitutional magnitude.

Affirmed.