**Glenn D. HAVENS, Petitioner,**

v.

**Herman SOLEM, as the duly appointed, qualified and acting Warden of the South Dakota State Penitentiary, Respondent.**

Civ. No. 78–4063.

United States District Court, D. South Dakota, S. D.

Aug. 17, 1978.

---

**86.** In addition, Sills, who was close to tenure had only a Master's degree.

Ramon A. Roubideaux, Rapid City, S. D., for petitioner.

John P. Guhin, Asst. Atty. Gen., Pierre, S. D., for respondent.

### MEMORANDUM DECISION

NICHOL, Chief Judge.

The petitioner, Glenn D. Havens, seeks a writ of habeas corpus, claiming that his confinement in the South Dakota Peniten-

---

tiary is based upon a conviction obtained in state court under an unconstitutional statute and as a result of proceedings which violated his due process rights. An alleged error in instruction of the jury and prosecutorial misconduct are the bases for the due process claims.

Specifically, the petitioner claims that S.D.C.L. 22–22–1(1) [1] is unconstitutional because it unreasonably and arbitrarily proscribes acts which are inherently and generally innocent as criminal. Further, the statute is claimed to be uncertain. Petitioner urges that the failure of the state court to give instructions to the jury concerning consent and resistance deprived him of due process of the law. Finally, petitioner alleges that improper prosecutorial comments and misconduct infected the trial so as to deprive him of due process of the law.

After a jury trial, the petitioner raised these same issues before the South Dakota Supreme Court. That appeal was unsuccessful as his conviction was affirmed. *State v. Havens,* S.D., 264 N.W.2d 918 (1978). An application for a writ of habeas corpus was filed with this Court on June 20, 1978, and a hearing was held before this Court on the application for a writ on July 13, 1978. Following the hearing, both parties had an opportunity to submit briefs.

### FACTS

The transcripts and the entire record presented with this petition show that the petitioner was tried before a jury on four charges, and found guilty of one count of rape and one count of assault and battery upon the person of another. The evidence at trial must be considered in the light most favorable to the government. *Spratlin v. Solem,* 577 F.2d 56, 58 (8th Cir. 1978); *United States v. Wofford,* 562 F.2d 582, 585 n. 1 (8th Cir. 1977).

---

**1.** S.D.C.L. 22–22–1(1) provides:

Rape defined.—Rape is an act of sexual penetration accomplished with any person under any one or more of the following circumstances:

(1) Through the use of force, coercion or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution.

At trial, it was established that the petitioner consumed alcoholic beverages at an Elks Club initiation and various bars in Watertown, South Dakota, from 5 p. m. April 19, 1976, to 2 a. m. April 20, 1976. Testimony at the trial showed that the petitioner later went into the Watertown Business College dormitory. One young woman testified that the petitioner entered her room and grabbed her while she was in bed. It appears that she screamed, after which the petitioner's hand slipped and hit her in the ribcage. The petitioner then let her up and she ran to the bathroom. The jury found this conduct of petitioner constituted an assault and battery upon the young woman.

It appears that petitioner then attempted to enter other rooms, finally entering the room of another young woman. He removed his pants, awakened the second young woman, and told her "keep quiet, do what I tell you and you won't get hurt." The second young woman testified that during the next 30 minutes the petitioner, although appearing intoxicated, subjected her to three acts which would constitute rape under the South Dakota statute (including one act of oral intercourse). The petitioner warned the second young woman a second time to keep quiet and she wouldn't get hurt. The petitioner's defense was that he was intoxicated and did not know what he was doing, that he blacked out and had no memory of his acts. Another defense urged at trial by the petitioner was that the second young woman did not resist his acts and thereby consented to them. The jury found the petitioner guilty of one count of rape of the second young woman, not guilty of a second count of rape of the second young woman, and not guilty of attempted rape of the first young woman.

After the jury returned its verdicts on August 20, 1976, the state trial court scheduled sentencing for September 30, 1976. Petitioner filed a motion for judgment of acquittal or in the alternative for a new trial on September 17, 1976, but the trial court denied the motion. Petitioner was sentenced to eight years in the State Penitentiary on the rape charge and 30 days on the assault and battery charge on September 30, 1976. On that same day, he perfected a timely appeal to the South Dakota Supreme Court. After oral argument on December 1, 1977, the South Dakota Supreme Court affirmed the conviction on April 12, 1978, and later denied a petition for rehearing.

■ Though the petitioner did not seek post-conviction review in the state system of the points he raises in this writ of habeas corpus, such is not required for this Court to consider his claims. This Court has often quoted the language of the South Dakota Supreme Court in *Orricer v. State*, 85 S.D. 293, 181 N.W.2d 461 (1970), which stated "when a defendant has taken an appeal from his conviction, our post-conviction statute cannot be used to secure a second review of issues finally decided on the appeal." *See Zemina v. Solem*, 438 F.Supp. 455, 463 (D.S.D.1977), aff'd 573 F.2d 1027 (8th Cir. 1978); *See also Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976), cert. denied, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976); *Edwards v. Swenson*, 429 F.2d 1291 (8th Cir. 1970), cert. denied 406 U.S. 909, 92 S.Ct. 1619, 31 L.Ed.2d 820 (1972). Therefore, this Court may examine the merits of petitioner's claims.

■ This Court's standard of review under 28 U.S.C. section 2254 is a determination whether " 'trial errors or irregularities infringe upon a special constitutional protection or are so prejudicial as to amount to a denial of due process.' " *Spratlin v. Solem*, 577 F.2d at 58, quoting *Atwell v. State of Arkansas*, 426 F.2d 912, 915 (8th Cir. 1970). I will examine each of petitioner's arguments according to this standard.

## IMPROPER PROSECUTORIAL OPENING STATEMENT

Prior to the trial, on August 6, 1976, a hearing was held[2] to determine whether

2. Pursuant to S.D.C.L. 23–44–16.1 which provides:

Evidence of rape victim's prior sexual conduct—Preliminary hearing—relevance—In

the petitioner would be allowed to offer evidence of prior sexual activities of the two women as a defense. The court ruled that petitioner's counsel would not be allowed to present such evidence nor inquire into the sexual background of the victims. The prosecutor was aware of the hearing and the court's rulings.

Nevertheless, the prosecutor made the following remarks in his opening statement which the petitioner alleges deprived him of a fair trial, misrepresenting the complaining witnesses as virgins and denying the petitioner due process of law:

1) Ladies and gentlemen, we are all aware that the time-honored American tradition which has been held that virtue and chastity of American women is something to be placed in a high position in society and in a position of admiration and respect. I am sure we are all aware of this. This is something that is basic in American tradition.

After an objection and an admonition by the court, the prosecutor continued:

2) Ladies and gentlemen, I would like to also inform you as you are well aware that history shows that when the virtue and chastity of a young American woman is violated, it becomes extremely difficult for that young American woman to reveal and expose the horrendous details that may have taken place—that may have taken place concerning that violation, and believe me—

At this point petitioner's counsel objected and moved for a mistrial out of the presence of the jury. The prosecutor resisted the motion, stating that the reference to time-honored tradition had relevance to the case since the women who would testify were courageous by coming forward and

reporting the crime. The state trial judge, while not adopting the prosecutor's reasoning or approving his remarks, did feel that the opening statement had not been prejudicial and thereupon denied the request for a mistrial. Petitioner urges to this Court that through the remarks, the prosecutor was successful in creating a "lynch mob atmosphere" in view of the explosive nature of a rape charge in a small town girl's school, and, thus, the remarks were not "harmless beyond a reasonable doubt." [3]

The South Dakota Supreme Court stated that, in its opinion, the nearest aspect to prejudicial error raised in petitioner's appeal was the quoted remarks. The state court, however, relied upon the judgment of the trial judge, noting that "the trial judge was on the scene, had heard the arguments, and had the opportunity to note whether they had any apparent effect on the jury." *State v. Havens*, 264 N.W.2d at 923. The court concluded that no prejudice resulted to petitioner from the prosecutor's remarks, absent a showing on the part of the petitioner of actual bias or prejudice. The court also held that the prosecutor's argument alone was certainly unfair and *per se* error, given the information deduced at the hearing prior to trial. The court concluded, however, that because of the evidence adduced in support of the prosecution, such error was not reversible error.

■ I start with the proposition that findings of fact by a state court are presumptively valid in a federal habeas corpus proceeding. 28 U.S.C. section 2254(d). As this Court pointed out in *Zemina v. Solem*, 438 F.Supp. 455, 464 (1977), *aff'd* 573 F.2d 1027 (8th Cir. 1978), however, the question is not whether this Court approves or disapproves of the comments as proper, but the

prosecutions for rape, evidence of specific instances of the victim's prior sexual conduct shall not be admitted nor reference made thereto before the jury or jury panel, except as provided herein. Whenever any party proposes to offer evidence concerning the victim's prior sexual conduct, the court shall first conduct a hearing in the absence of the jury and the public to consider and rule upon the relevance and materiality of the evidence.

Evidence of the victim's sexual conduct with persons other than the accused is not admissible unless relevant to a fact at issue.

3. The standard for examination of federal constitutional error set in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and quoted by this Court in *Zemina*, 438 F.Supp. at 466, n. 9.

**1136**

extent to which such comments rise to the level of constitutional violations. This Court agrees with the state court that the comments were unfair tactics and highly improper.[4] Petitioner urges that this Court's holding in *Zemina* compels the conclusion that petitioner's rights to due process and a fair trial were violated by the prosecutor's remarks. In *Zemina*, however, I recognized that *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976), *cert. denied* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976), enunciated the rule that "improper prosecutorial arguments do not amount to *due process* violations in habeas corpus cases." 438 F.Supp. at 465 (Emphasis added). The critical distinction in *Zemina* which led to my granting the writ was the prosecutorial comment that the defendant's calling his attorney was a "telling sign", thus violating the 6th Amendment right to counsel and rising above a due process violation.

In the present case, though the prosecutor's remarks were improper and undesirable[5], simply a due process violation is alleged. Since this Court has followed the 8th Circuit's *Maggitt* standard, I cannot

take cognizance of the issue and grant habeas corpus relief..

Further, from my view of the record, including the testimony of the victims of the crimes themselves[6], I cannot say, as I did in *Zemina*, that the evidence of guilt was not overwhelming so as to give rise to a presumption of prejudice by the improper remarks. 438 F.Supp. 465. *See also Bryant v. Caldwell*, 484 F.2d 65 (5th Cir. 1973), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1572, 39 L.Ed.2d 878 (1973). Therefore, this Court must conclude that it cannot grant the writ of habeas based upon the prosecutor's improper remarks to the jury in his opening statement.[7]

### THE JURY INSTRUCTIONS

Petitioner further alleges that failure of the trial court to give instructions 1 and 2 covering consent and resistance deprived him of a jury trial and liberty without due process of the law. Petitioner's proposed instruction 1 would have explained to the jury the necessity of lack of consent established by the female's resistance as an element of the crime of rape.[8] His proposed instruction 2 would have defined consent.[9]

---

**4.** *See* discussion of the distinction between ordinary trial error of a prosecutor and constitutional misconduct in *Donnelly v. DeChristoforo*, 416 U.S. 637, 646–7, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), quoted in *Zemina*, 438 F.Supp. at 464.

**5.** *See Ketchum v. Ward*, 422 F.Supp. 934 (W.D.N.Y.1976), *aff'd* 556 F.2d 557 (2d Cir. 1977).

**6.** In *Zemina*, there was no testimonial evidence of the crime itself save that of Zemina, the defendant.

**7.** Petitioner further objects to characterizations in the opening statement by the prosecutor of the alleged acts of petitioner as "shocking and horrifying" and a characterization in the prosecutor's closing argument of the petitioner's defense as "hogwash". In light of my disposition of the prosecutor's statements about virtue and chastity, I cannot say that these two isolated comments at the open and close of the trial constitute grounds for relief cognizable in a habeas corpus proceeding. Viewing the trial record as a whole, these two comments, although unfortunate, do not create such essential unfairness to require reversal on federal constitutional grounds. *See United States ex rel Haynes v. McKendrick*, 350 F.Supp. 990 (S.D.N.Y.1972), *aff'd* 481 F.2d 152 (2d Cir.

1973). Other courts have recognized that isolated comments much more inflammatory than the comments in this case do not give rise to federal habeas corpus relief, and although this Court feels the prosecutor should refrain from such remarks, it cannot grant the writ on that basis alone. *Cf. Kelley v. Rose*, 346 F.Supp. 83 (E.D.Tenn.1972) (Prosecutor's closing argument that "these things, these animals, these beast brutally attacked this little 12 year old girl" did not give rise to federal habeas corpus relief); *Pacheco v. Hocker*, 295 F.Supp. 829 (D.Nev.1968), *aff'd* 406 F.2d 1031 (9th Cir. 1968), *cert. denied*, 396 U.S. 1043, 90 S.Ct. 691, 24 L.Ed.2d 687 (1969) (Prosecutor's characterization of defendant as "mad dog" did not give rise to federal habeas corpus relief).

**8.** The instruction proposed was:
   In order to convict (petitioner) of rape, it is necessary that you find that (the petitioner) acted against the consent of (the prosecutrix). Lack of consent must be established by the resistance of (the prosecutrix). Simply saying that she did not consent is not enough. The amount of resistance necessary to establish that she did not consent is such as to make nonconsent and actual resistance reasonably manifest. Further, the resistance

Petitioner maintains that failure to give these instructions, in the words of *Zemina*, "so infected the entire trial that the resulting conviction violates due process." 438 F.Supp. at 469. In petitioner's view, failure to give the instructions, coupled with the alleged vagueness of the statute, amounted to constitutional error. The South Dakota Supreme Court held that the statutory scheme under South Dakota's present rape law is to "try the accused and not the prosecutrix" and that petitioner's first requested instruction was simply no longer correct law.[10]

■ Again, I am not persuaded that this Court's holding in *Zemina* compels me to grant petitioner's writ. In *Zemina*, I pointed out that I felt that the state court is the best interpreter of its own substantive law. Furthermore, I stated that this court did not intend to substitute its interpretation for the state supreme court's conclusions on the instructions given adequately stating the law. Since the state supreme court has determined that petitioner's first proposed instruction is no longer the law in South Dakota, this Court finds no error of constitutional magnitude in its refusal.[11]

Petitioner's second requested instruction, regarding the definition of consent, was

dismissed by the state supreme court as without a basis in the evidence. That court held that the only instance of consent in the record was the petitioner's alcoholic befuddled recollection of being solicited to enter the building by a half-naked unidentified woman (not identified as either prosecutrix). This woman allegedly immediately engaged in an act of fellatio on petitioner and then shoved him out the door. There was no testimony in the record of any consent to any vaginal intercourse. Therefore, in that court's view, there was no error in failing to give the instruction defining consent.

■ This Court recognized in *Zemina* that two requirements must be met for a defendant to be entitled to an instruction on his theory of defense: 1) there must be evidence to support it; and 2) a proper request must be made. 438 F.Supp. 467. Even accepting petitioner's argument that a proper request was made[12], from this Court's analysis of the record there is no evidence to support petitioner's theory of defense. There was absolutely no testimony as to any consent to vaginal intercourse. Without evidence to support a requested instruction, there is no constitutional error in failure to give it. *See United States v. Brown*, 540 F.2d 364, 380 (8th Cir. 1976);

---

must be in good faith and not a mere pretense. The amount of resistance must be proportioned to the outrage and depends on the circumstances, such as the relative strength of the parties, the age and condition of the female, the uselessness of resistance, and the degree of force manifested.

9. The second proposed instruction was:

Consent is a quality or condition of the mind. It can seldom be proved and usually is not proved by direct evidence such as a statement of purpose or declaration of intent by the person charged. It must be determined from all the evidence, facts and circumstances in the case and the acts and conduct of the said (prosecutrix), as shown, applying to said evidence, facts, acts and conduct, your judgment and experience as men and women. Every sane person is presumed to intent (sic) the natural, probable and usual consequences of his own acts, unless it appears from the evidence that some other evidence or unexpected consequence was in the mind of the actor at the time.

10. The instruction was based on *State v. Thompson*, 71 S.D. 319, 24 N.W.2d 10 (1946), a case decided almost twenty years before South Dakota's 1975 amendments to the rape statute, 22–22–1. In the South Dakota Supreme Court's view, such an amendment modernized the statute to "place the act in a proper perspective." *State v. Havens*, 264 N.W.2d at 921.

11. *See Spratlin v. Solem*, 577 F.2d 56, 60 (8th Cir. 1978); *Zemina*, 483 F.Supp. at 467 (citations omitted).

12. The state disputes this, arguing that with the first instruction refused, there was no instruction to which to tie the definition of consent, and that the definition and explanation of consent would be alone with nothing setting forth its applicability to the case. However, even without trial objection to instructions, habeas corpus relief is available in the event of plain constitutional error. *Berrier v. Egeler*, 428 F.Supp. 750 (E.D.Mich.1976).

See also *Kregger v. Bannan*, 273 F.2d 813 (6th Cir. 1960) (holding that mere assertion of insanity defense, without presentation of any evidence supporting it at trial, does not make failure to give instruction on insanity a ground for federal habeas corpus relief).

This Court feels that the instructions, taken as a whole, adequately advised the jury of the essential elements of the offenses charged. The jury was instructed that the state must prove beyond a reasonable doubt that:

1) the defendant at the time and place alleged in the information accomplished an act of sexual penetration.

2) the act of sexual penetration was accomplished through the use of force, coercion or threats of immediate and great bodily harm against (the prosecutrix) accompanied by apparent power of execution.

Such an instruction follows the law of South Dakota as determined by the state supreme court. Given the caveat in *Zemina* that the South Dakota court is the best interpreter of its own substantive law, the alleged errors in instructions give petitioner no grounds for federal habeas corpus relief.

## THE CONSTITUTIONALITY OF S.D.C.L. 22–22–1

 Petitioner finally contends that S.D. C.L. 22–22–1 is unconstitutional since it is vague and uncertain so as to violate due process. The state supreme court, analyzing the application of the statute to this case [13] stated that "it would seem that a person of ordinary intelligence would be given fair notice that his contemplated conduct of threatening a girl and then physically forcing her to have sexual intercourse is forbidden by the statute." 264 N.W.2d at 921.

While petitioner urges this Court that the standard adopted in *Winters v. New York*,

333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948), is applicable, I observe that the *Winters* case dealt with an obscenity law seen violative of first amendment freedoms. The Supreme Court has drawn a distinction for vagueness analysis between first amendment freedoms and other constitutional rights. *See Rose v. Locke*, 423 U.S. 48, 50 n. 3, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975). In *Rose*, a petition for habeas corpus challenged a Tennessee statute proscribing "crimes against nature" as unconstitutionally vague. In holding that the statute was not violative of the constitution as applied to cunnilingus, the Court stated in a *per curiam* opinion, "all the due process clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." 423 U.S. at 50, 96 S.Ct. at 244. Applying this standard, this Court is of the opinion that S.D.C.L. 22–22–1 is not unconstitutionally vague.

## CONCLUSION

Accordingly, it is the opinion of this Court that petitioner's claims give no basis for federal habeas corpus relief. The above shall constitute the Court's findings of fact and conclusions of law. The petition for a writ of habeas corpus is denied, and counsel for the respondent is directed to prepare an appropriate order.

---

13. *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975).