**Wesley Walter WILSON, Petitioner,**

**v.**

**The Honorable William J. JANKLOW, Governor of South Dakota; The Honorable Robert C. Ulrich, Judge of the First Judicial Circuit; Richard Bogue, Lincoln County State's Attorney; Herman Solem, Warden of the South Dakota State Penitentiary; and The Honorable Mark V. Heierhenry, Attorney General of South Dakota, Respondents.**

**No. Civ 80–4190.**

United States District Court, D. South Dakota, S. D.

Dec. 1, 1981.

---

360

N. Dean Nasser, Jr., Sioux Falls, S. D., for petitioner.

Miles F. Schumacher, Asst. Atty. Gen., Pierre, S. D., for respondents.

## MEMORANDUM DECISION AND ORDER

NICHOL, Senior District Judge.

Petitioner, Wesley Walter Wilson, seeks a Writ of Habeas Corpus, alleging that his confinement under the custody of Herman Solem, Warden of the South Dakota Penitentiary, is based on a conviction in state court for first-degree burglary, pursuant to S.D.C.L. section 22–32–1, and that such conviction was the result of proceedings that deprived him of various fourth, fifth, and fourteenth amendment rights. Specifically, the petitioner alleges that the state proceedings were constitutionally invalid for the following reasons:

I. The failure of the information to fix the scope of prosecution by stating the defendant's specific intent deprived the defendant of due process of law.

II. The prosecution, in examining the sheriff and in final argument, improperly commented on the defendant's post-arrest *Miranda* silence and the defendant's failure to take the stand, in violation of the fourth and fifth amendments of the Constitution.

III. The trial court, in not granting a directed verdict, and in not instructing on the lesser included offense of non-burglarious entry, denied the defendant due process of law.

IV. The defendant was denied due process of law when the trial court refused to permit the defendant to introduce into evidence exhibit "T" and the testimony of David Sween.

## FACTS AND PROCEDURAL HISTORY

Petitioner, Wesley Walter Wilson (Wilson), was found guilty by a jury of first-degree burglary. Wilson was sentenced to ten years in the state penitentiary. The South Dakota Supreme Court affirmed the conviction on October 15, 1980. Wilson then filed the present petition for habeas corpus relief under 28 U.S.C. section 2254.

On approximately March 8, 1979, a rural residence near Centerville, South Dakota, was burglarized. The owner, Bernice Thissell, had been visiting with relatives in Oregon from mid-December, 1978, until March 13, 1979. Don Ostrem, a neighbor, had been watching the premises for Mrs. Thissell in her absence.

The Thissell residence is located one and one-half miles west of the Centerville exchange of Interstate 29, on the west side of the road. The Ostrem residence is approximately one-half mile west of the Thissell residence. At about 7:30 p. m. on March 8, 1979, Terry Ostrem (Don's brother) observed a pickup truck stop one mile west of his house. The lights of the truck were shut off. Terry Ostrem noticed the dome light of this truck come on. He heard a door slam and the dome light went off. The pickup then backed up onto the road and proceeded east toward the Thissell residence. It stopped at the Thissell residence

and again shut off its lights. Terry Ostrem then proceeded to the Thissell residence in his pickup to check out the situation. As Ostrem approached the Thissell residence, the truck fled without turning on its lights. Ostrem chased the pickup, reaching speeds of in excess of seventy miles per hour, but was unable to overtake the fleeing vehicle. Ostrem was not able to identify the truck, see the license plate or to tell how many occupants there were in the truck. He did testify, however, that there did not appear to be any furniture in the back of the truck.

Ostrem returned to the house. He parked his pickup on the road and walked to the house, since the driveway had not been shoveled and there was a lot of snow. Ostrem noticed quite a number of footprints leading from the front door on the north side of the house northeast across the yard and across the waist high wire fence and on up to the road. The front door was slightly open with a pile of blankets stacked inside the door.

Terry Ostrem called his brother Donald from a neighbor's phone. Upon returning to the Thissell residence, a pickup again drove past. Terry Ostrem was able to make out the color of the pickup as two-tone brown and light brown, the same colors as Wilson's pickup. He also went to the road and compared the track marks left in the snow by this truck with those left by the truck he chased and concluded that they were the same tracks.

A short time later Donald Ostrem arrived and shortly thereafter Sheriff Kenneth Albers of Lincoln County, South Dakota, arrived. At approximately 8:30 p. m. Terry and Donald Ostrem and Sheriff Albers walked around the house and observed a single set of footprints leading in a northwesterly direction away from the Thissell residence. Donald Ostrem and Sheriff Albers followed the single set of footprints for over a mile. Wilson was found at the end of these footprints lying exhausted on top of a snowbank. There were no tracks leading beyond Wilson. Wilson offered no explanation of his condition and presence in the snow and was then arrested.

At trial, Wilson did not take the stand.

## FIFTH AMENDMENT CONSIDERATIONS

The Court will first address the petitioner's second claim for relief. Wilson alleges that the prosecution violated his fourth and fifth amendment rights by questioning the sheriff as to Wilson's post-arrest *Miranda* silence and by improperly commenting during closing arguments on Wilson's failure to take the stand.

During direct examination of the sheriff, the following exchange took place regarding the circumstances of the arrest:

Q: (Prosecuting Attorney): Did you place him under arrest?

A: (Sheriff): Yes.

Q: (Prosecuting Attorney): Did he say anything to you, at that time?

A: (Sheriff): No.

Q: (Prosecuting Attorney): Did he try to explain to you, at any time during that initial period when you got to the end of the tracks, why he was there?

A: (Sheriff): No.

The defense attorney made a timely objection to these questions and moved the court for a judgment of acquittal, or in the alternative a mistrial based on the defendant's right to remain silent and the fact that a prosecutor cannot elicit comments on a defendant's silence either before or after the reading of *Miranda* rights. The motions were denied.

The closing arguments were not recorded by the court reporter, which is indeed unfortunate. The prosecuting attorney, however, signed an affidavit that he did make the following statement during closing arguments: "And he (pointing at Wilson) never did offer an explanation of what he was doing out there that night crawling around in the snow." Defense counsel again objected that the prosecutor's comment was not an analysis of the evidence, but rather a comment on the defendant's failure to give some justification for his presence that evening in the snow. The objection was overruled and the closing ar-

gument continued without a cautionary instruction by the court.

■ Findings of fact by a state court are presumptively valid in a federal habeas corpus proceeding. 28 U.S.C. section 2254(d). The question, however, is not whether this Court approves or disapproves of the comments as proper, but rather the extent to which such comments rise to the level of constitutional violations. *Havens v. Solem*, 455 F.Supp. 1132, 1136 (D.S.D.1978); *Zemina v. Solem*, 438 F.Supp. 455, 464 (1977), aff'd 573 F.2d 1027 (8th Cir. 1978). Improper prosecutorial arguments do not in isolation amount to due process violations in habeas corpus cases. *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). *See United States v. Hager*, 505 F.2d 737, 740 (8th Cir. 1974). Every case must be examined on its own facts to see if the prosecutor's statement was "unduly prejudicial" or "plainly unwarranted and clearly injurious." *United States v. Splain*, 545 F.2d 1131, 1135 (8th Cir. 1976); *United States v. Segal*, 649 F.2d 599, 604 (8th Cir. 1981). Comments on a defendant's post-arrest silence violate the due process clause of the fourteenth amendment, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and comments on a defendant's failure to testify violate the fifth amendment, *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Clearly, such errors are properly asserted as constitutional violations in a petition for habeas corpus.

■ The fifth amendment proscription against compulsory self-incrimination precludes any comment to the jury on the defendant's failure to testify. *United States v. Thurmond*, 541 F.2d 774, 776 (8th Cir. 1976), *cert. denied*, 430 U.S. 933, 97 S.Ct. 1556, 51 L.Ed.2d 778 (1977), citing *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *United States v. Sanders*, 547 F.2d 1037, 1042 (8th Cir. 1976), *cert. denied*, 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977). The comment is impermissible if the prosecutor clearly intended to refer to the defendant's silence, or if the comment was of such a character

that the jury would "naturally and necessarily" view the comment as a reference to the defendant's silence. *United States v. Thurmond, supra* at 776; *United States v. Edwards*, 576 F.2d 1152, 1154 (5th Cir. 1978). A second point of inquiry is whether the comments were prejudicial to the defendant. *United States v. Sanders, supra* at 1042; *United States v. Biondo*, 483 F.2d 635, 644 (8th Cir. 1973), *cert. denied*, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974).

■ A violation of the *Griffin* rule may be harmless error and not prejudicial error, but this is a federal question. As a matter of federal law, the court must be able to declare that the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In determining whether the error is prejudicial or harmless, the question is whether there is a reasonable possibility that references to the defendant's failure to testify might have contributed to the conviction. The prosecution, as the beneficiary of the constitutional error, must prove beyond a reasonable doubt that the error complained of did not contribute to the conviction. *Chapman v. California, supra* at 24, 87 S.Ct. at 828.

The prosecutor's questioning of the sheriff regarding the defendant's silence at the time of arrest suggested that if Wilson had an exculpatory story to tell, he would have given it to the sheriff at the time of arrest. The prosecutor's further comment during closing argument that the defendant had not given any reasonable explanation for his crawling around in the snow only served to further emphasize in the mind of the jury that if Wilson had an exculpatory story to tell, he would have done so, if not at the time of arrest, at the very least, at the time of trial. The problems in this case are further heightened by the fact that the defense counsel made timely objections after each of these statements by the prosecuting attorney, and even though the objections were overruled, the trial court failed to give cautionary instructions to the jury regarding the defendant's constitutional right to remain silent.

Due to the fact that the closing arguments were not recorded, this Court cannot analyze the prosecutor's comment in relation to his total argument. It is therefore impossible to determine whether the prosecutor was making direct reference to the defendant's failure to testify or merely commenting on the state of the evidence. Even if the statement was a commentary on the evidence, it was highly improper and should have been avoided. As the Fifth Circuit noted in *United States v. Edwards, supra* at 1155, "the comment upon silence of the accused is a crooked knife and one likely to turn in the prosecutor's hand. The circumstances under which it will not occasion a reversal are few and discrete. We suggest that it be abandoned as a prosecutorial technique."

Under all the circumstances in this case, the possibility of prejudicial impact is present. It is impossible for this Court to say that the State has demonstrated beyond a reasonable doubt that the prosecutor's statements did not contribute to the petitioner's conviction. It is therefore incumbent upon this Court to find that the prosecutorial comments complained of were prejudicial to the defendant, and as such violated his fifth amendment rights. The petition for Writ of Habeas Corpus is therefore granted.

The Court having determined that the Petition for Habeas Corpus is to be granted, declines to consider the other allegations of error raised in the petition.

Accordingly, IT IS HEREBY ORDERED that the petitioner, Wesley Walter Wilson, shall be released unless retried within ninety days from the date of this memorandum decision or within ninety days from the mandate received from the Eighth Circuit Court of Appeals in the event of an appeal by the State of South Dakota resulting in an affirmance of this decision.